402 So.2d 1144 (1981)
In re INQUIRY CONCERNING A JUDGE, re: Dick C.P. LANTZ, 80-125.
No. 59489.
Supreme Court of Florida.
Order February 2, 1981.
Opinion April 16, 1981.
Joseph J. Reiter and John Scarola of Montgomery, Lytal, Reiter, Denney & Searcy, Counsel, John H. Moore, II, Chairman, West Palm Beach and John S. Rawls, Gen. Counsel, Tallahassee, for Florida Judicial Qualifications Commission, petitioner.
Robert L. Shevin of Sparber, Shevin, Rosen, Shapo & Heilbronner, Miami and Hugo L. Black, Jr. of Kelly, Black, Black & Earle, Miami, for Judge Dick C.P. Lantz, respondent.

AMENDED ORDER
This matter is set for oral argument for Tuesday, March 3, 1981, at 9:30 a.m., with twenty minutes to the side allowed for presentation.
Briefs on behalf of the petitioner and respondent shall be filed on or before Friday, February 13, 1981; responsive briefs may be filed on or before Friday, February 20, 1981.
SUNDBERG, C.J., and OVERTON and McDONALD, JJ., concur.
ENGLAND and ALDERMAN, JJ., concur specially with an opinion.
ADKINS and BOYD, JJ., would accept the recommendation of the Commission.
ENGLAND and ALDERMAN, Justices, concurring specially.
Pursuant to article V, section 12(a) of the Florida Constitution, the Judicial Qualifications Commission brings us their recommendation that we reprimand Circuit Judge Dick C.P. Lantz of Miami for misconduct in office, and that we impose other requirements and costs incidental thereto. Judge Lantz pled guilty or no contest to these acts of judicial misconduct:
(1) repeated instances of arrogance, and a lack of courtesy, dignity and patience to litigants, witnesses, lawyers and others, in *1145 violation of Canons 1 and 3(A)(3) of the Code of Judicial Conduct (guilty);
(2) creation of the appearance of impropriety in contacting a law professor, who was also a litigant before him, to request assistance for the admission of a friend to law school, in violation of Canons 1 and 3(A)(3) (guilty);
(3) commenting adversely in open court on the Episcopal Church and the sovereign nation of Spain, with the effect of casting doubt on the impartiality of the judiciary in violation of Canon 2(A) (guilty);
(4) direct solicitation of election support from a member of the bar, in violation of Canon 7(B)(2) (no contest);
(5) taking possession of and refusing to release to counsel the untranscribed notes of a court reporter taken in the course of a proceeding before him, in violation of Canons 1, 2(A) and 3(B) (no contest); and
(6) ordering a $10,700 attorney's fee for a close personal friend who had withdrawn from the dissolution proceeding before him because of that close relationship, knowing full well that the issue of fees had been settled by the parties and that his friend appeared on his own behalf requesting fees without his former client's approval, in violation of Canons 1, 2(A), 2(B) and 3(A)(1) (no contest).
The record shows that Judge Lantz has been a full-time judicial officer of the state since 1975, and that in early 1979 he was assigned for thirteen months to the intensely emotional and overworked family division of the Dade County Circuit Court. His counsel suggested to the commission that this assignment would explain the temperamental problems which form the basis for the commission's first finding, and that a public reprimand was appropriate as Judge Lantz' tenure in the family division has now terminated.
We cannot understand, and therefore cannot accept, the commission's recommendation for a public reprimand in this proceeding. That recommendation is inconsistent with prior recommendations of the commission and with prior action of this court in matters involving equal or lesser judicial misconduct. No explanation is offered by the commission with respect to the standards which were applied or the mitigating circumstances which were considered. Nor is any justification apparent to us from the modest record developed by the commission, which consists only of opening statements by counsel, the testimony of Judge Lantz and the chief judge of his judicial circuit, and the presentation of a plea bargain made and accepted by all concerned at an early break in the proceeding.
Whatever may be said of the commission's recommendation in relation to Judge Lantz' bench conduct,[1] there is no plausible explanation in the record for the recommendation of a reprimand for the other misconduct found by the commission. On all other recent occasions, such pervasive and serious violations of the Code of Judicial Conduct have prompted the commission to recommend more severe discipline. See In re Inquiry Concerning a Judge, Joseph M. Crowell, 379 So.2d 107 (Fla. 1979), recommending removal from office for repeated arrogance, abuse of judicial contempt powers, and undermining public confidence in the judiciary; In re Inquiry Concerning a Judge, J.Q.C. No. 77-16, 357 So.2d 172 (Fla. 1978), recommending removal from office for multiple acts of an admittedly compassionate non-lawyer judge, where the conduct raised questions as to impartiality and an understanding of the Code of Judicial Conduct; In re LaMotte, 341 So.2d 513 (Fla. 1977) recommending removal from office for intentional, repeated use of a state credit card for personal expenses; In re Dekle, 308 So.2d 5 (Fla. 1975), and In re Boyd, 308 So.2d 13 (Fla. 1975), both recommending removal from office for a single *1146 instance of an improper ex parte communication which created an appearance of improper influence. In fact, the only instance of a lesser recommended punishment in recent years, a reprimand, involved an isolated act of public, sexual misconduct not directly related to the performance of judicial duties. In re Inquiry Concerning a Judge, J. Cail Lee, 336 So.2d 1175 (Fla. 1976).
The seeming inconstancy of the commission is nowhere explained in the record of this proceeding. Formal presentations to the Court were apparently omitted after settlement of the case had been reached, and it may be surmised that both sides expected us to view the recommended disposition as proper. It may well be appropriate, of course, but we cannot discern that fact from what has thus far been presented.
We note that the commission specifically advised Judge Lantz that his plea agreement with the commission was not binding on this Court,[2] and that more severe disciplinary measures  including removal  could result from his pleas to the charges against him. Nonetheless, Judge Lantz' plea was tendered voluntarily and the scheduled evidentiary proceeding prematurely terminated when the agreement was accepted. Judge Lantz then waived his right to appear here in order to explain why we should not accept the negotiated punishment.[3]
Since we cannot on this record approve the commission's recommendation of a public reprimand, we are reluctant to impose other sanctions without the benefit of further information from the parties. Since apparently the pleas of guilty and no contest were entered knowingly and only the matter of discipline was left open to the Court's determination, we would accept the commission's findings of misconduct and, on the issue of discipline alone, consider parties' briefs and, unless expressly waived by the parties, oral presentation.
PER CURIAM.
In connection with an inquiry concerning Judge Dick C.P. Lantz, the Florida Judicial Qualifications Commission has filed recommendations together with its findings of fact and conclusions of law in accordance with the Florida Judicial Qualification Rules and article V, section 12, Florida Constitution (1968 as amended). Judge Lantz waived the requirements of Fla.App. Rule 9.520(b) for issuance to him of a rule to show cause why the action recommended by the Qualifications Commission should not be taken.
We recognized a similarity between the facts sub judice and the facts requiring the removal of Judge Joseph M. Crowell, In Re Inquiry Concerning a Judge, Joseph M. Crowell, 379 So.2d 107 (Fla. 1979), so the matter was set for oral argument and briefing by the parties. From the briefs and oral argument it appears that Judge Lantz has confessed his misdeeds, repented, and is sufficiently rehabilitated to continue service as a circuit judge.
The recommendations and record filed by the Commission reflect that Judge Lantz pled guilty or no contest to the following acts of judicial misconduct:
1) repeated instances of arrogance, and a lack of courtesy, dignity and patience to litigants, witnesses, lawyers and others, in violation of Canons 1 and 3(A)(3) of the Code of Judicial Conduct (guilty);
2) creation of the appearance of impropriety in contacting a law professor, who was also a litigant before him, to request assistance for the admission of a friend to law school, in violation of Canons 1 and 3(A)(3) (guilty);
3) commenting adversely in open court on the Episcopal Church and the sovereign nation of Spain, with the effect of casting doubt on the impartiality of the judiciary in violation of Canon 2(A) (guilty);
4) direct solicitation of election support from a member of the bar, in violation of Canon 7(B)(2) (no contest);
*1147 5) taking possession of and refusing to release to counsel the untranscribed notes of a court reporter taken in the course of a proceeding before him, in violation of Canons 1, 2(A) and 3(B) (no contest); and
6) ordering a $10,700 attorney's fee for a close personal friend who had withdrawn from the dissolution proceeding before him because of that close relationship, knowing full well that the issue of fees had been settled by the parties and that his friend appeared on his own behalf requesting fees without his former client's approval, in violation of Canons 1, 2(A), 2(B) and 3(A)(1) (no contest).
The recommendations contain the following conclusions of law:
In accordance with the terms of the negotiated proposal accepted by the Commission, the Commission by a vote of at least nine of its members does hereby recommend the following to the Supreme Court of Florida:
1. That Judge Dick C.P. Lantz be publicly reprimanded for the violations of the Code of Judicial Conduct as set out in detail in the Commissions' Findings of Fact.
2. That Judge Dick C.P. Lantz be ordered to pay the amount of $3,000.00 to the State of Florida in partial reimbursement of the costs expended as a consequence of these proceedings.
3. That Judge Dick C.P. Lantz dismiss with prejudice all pending appellate proceedings regarding this matter.
4. That Judge Dick C.P. Lantz recuse himself from presiding in any matter involving any of those individuals who have provided Affidavits against him in these proceedings.
5. That Judge Dick C.P. Lantz be prohibited from appointing Gus Efthemious, Jr., Esq., in any proceedings in the future before him.
6. That Judge Dick C.P. Lantz be ordered to direct Gus Efthemious, Jr., Esq., to withdraw from further representation in any matter on which he had previously been appointed by Judge Dick C.P. Lantz, except where such withdrawal would prejudice the interests of his clients.[2] (Footnote 2 reads: The terms of the negotiated proposal presented to the Commission included agreement on the part of the Respondent to accept a period of probation up to one year, the terms and conditions of which were within the discretion of the Commission. However, the Commission chose not to impose a probationary period based upon the consensus of the Commission members that all judges are continuously under the jurisdiction of the Commission.)
The Qualifications Commission recommended that Judge Dick C.P. Lantz be publicly reprimanded and be ordered to comply with the terms of the negotiated proposal as reflected in the conclusions of law.
Upon consideration by this Court, the recommendations of the Florida Judicial Qualifications Commission are hereby approved. This opinion shall be considered as a public reprimand to Judge Dick C.P. Lantz and he is hereby ordered to comply with the terms of the above quoted conclusions of law.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] Leniency for intemperance on the bench is ostensibly inconsistent with the commission's recent recommendation and our approval of far more severe discipline for similar misconduct. In re Inquiry Concerning a Judge, Joseph M. Crowell, 379 So.2d 107 (Fla. 1979). Indeed, unlike the Crowell matter there is no suggestion in this record that Judge Lantz' insensitivity to the Code of Judicial Conduct was at least explainable on medical grounds.
[2] See Art. V, § 12(f), Fla. Const.
[3] Fla. R. App. Proc. 9.520(b).