PER CURIAM.
Appellants/Cross-appellees, Arnold D. Hessen, Alfredo F. De Castro, Robert L. Schimmel, and Hessen, Schimmel & De Castro, P.A. (Hessen), appeal a trial court’s order pursuant to payments under a settlement agreement. Appellees/cross-appel-lants, Joseph H. Kaplan, Richard A. Sicking, Robert A. Sugarman, Gerald Rosen-thal, Howard S. Susskind, Steven Bloom, and Kaplan, Sicking, Hessen, Sugarman, Rosenthal, Susskind, Bloom & De Castro, P.A. (Kaplan), cross-appeal the trial court’s order denying attorney’s fees and prejudgment interest. We affirm in part and reverse in part.
Appellants and appellees are attorneys in their respective law firms. At one time they were all part of one firm which later separated. This case involves the division of fees from cases existing prior to the separation.
Without going into specific details, unnecessary to this opinion, suffice it to say that each firm kept some of the presep- *185 aration clients and cases. The fees from these cases were to be divided between the two firms. Pursuant to the original firm’s stockholders agreement, the division of the disputed fees was submitted to arbitration.
The arbitrator awarded a division of fees in the pending cases with “40% of the fees received” to be paid by Hessen to Kaplan and 60% to be retained by Hessen. The parties entered into a court-ratified settlement, incorporating the arbitration award.
An attorney’s fee which emanated from a particularly complex medical malpractice case was the underpinning of this litigation. Hessen had referred the case to another attorney, a medical malpractice expert. The case was eventually settled, resulting in a total attorney fee of $280,000. The trial court in the medical malpractice ease awarded Hessen 25% of the fee, or $70,000. Hessen then paid Kaplan 40% of the $70,000 his firm received, or $28,000.
Kaplan brought suit claiming that under the settlement agreement they were due 40% of the total $280,000 fee awarded and not 40% of that amount received by Hes-sen. The trial court agreed and awarded Kaplan $112,000.
We find no ambiguity in the terms of the agreement and therefore find no need to arrive at a strained reading leading to an interpretation of a clearly worded agreement. See Centex Homes Corp. v. Pre-stressed Systems, Inc., 444 So.2d 66 (Fla. 3d DCA 1984).
However, even if any ambiguity exists, the court should arrive at an interpretation consistent with reason, probability, and the practical aspects of the transaction. Biltmore Systems, Inc. v. Mai Kai, Inc., 413 So.2d 458 (Fla. 4th DCA 1982).
An interpretation of the agreement necessary to reach the resultant award to Kap-lan, of a larger amount of fees than that earned or received by Hessen strains logic and reason. This court can only approve a construction which comports with logic and reason. Centex Homes Corp., 444 So.2d at 68. We therefore find that the proper award due Kaplan is 40% of the fees received by Hessen, or $28,000.
Accordingly, we reverse the trial court’s award of $112,000 to Kaplan, and remand for substitution of a $28,000 judgment in its stead. We affirm the denial of attorney’s fees and interest to Kaplan.
Affirmed in part, reversed in part, and remanded.