711 So.2d 636 (1998)
LEWIS OIL COMPANY, INC., Appellant,
v.
Robert Paul MILLIKEN and Gail A. Milliken, Appellees.
No. 97-1342.
District Court of Appeal of Florida, First District.
June 1, 1998.
*637 William C. Andrews of Scruggs & Carmichael, P.A., Gainesville, for Appellant.
Brent G. Siegel, Gainesville, for Appellees.
PER CURIAM.
Following the trial below, jury verdicts were entered (i) in favor of appellant, Lewis Oil Company, Inc., awarding damages of $32,000 on its count for breach of a marketing agreement by appellees, Robert Paul Milliken and Gail A. Milliken, and determining a fair value of $98,000 for the equipment leased by Lewis Oil to the Millikens under the appellant's count for declaratory judgment of the parties rights and obligations under an option for the purchase of the equipment incorporated in an equipment lease agreement between the parties, and (ii) in favor of the Millikens assessing damages of $23,000 under their counterclaim for breach of the marketing agreement by Lewis Oil. Lewis Oil appeals the trial court's order denying prejudgment interest on the amount established for the value of the leased equipment and denying an award of costs to either party based upon a finding that under the unique circumstances of the instant case neither party prevailed. The Millikens also cross-appeal the denial of costs. We affirm.
The trial court correctly granted prejudgment interest to Lewis Oil on the net amount of $9,000 of the damages awarded by the jury. Because the record contains competent and substantial evidence to support the trial court's finding that the Millikens timely made a purchase money tender of $115,000 to purchase the equipment pursuant to the equipment lease, the trial court did not err in declining to award prejudgment interest to Lewis Oil on the value established for the equipment. See Shouse v. Doane, 39 Fla. 95, 21 So. 807 (Fla.1897); see also, Konigsburg v. Grand, 529 So.2d 1180 (Fla. 4th DCA 1988). Further, under the circumstances of this case, the trial court did not abuse its discretion in refusing to award costs based on a finding that neither party was the prevailing party. See Prosperi v. Code, Inc., 626 So.2d 1360 (Fla.1993); Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807, 810 (Fla.1992).
AFFIRMED.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.