819 So.2d 821 (2002)
LASCO ENTERPRISES, INC., Appellant/Cross-Appellee,
v.
Ronald KOHLBRAND and Kathleen Kohlbrand, et al., Appellee/Cross-Appellant.
No. 5D00-3736.
District Court of Appeal of Florida, Fifth District.
May 3, 2002.
Rehearing Denied June 28, 2002.
*823 Michael R. Riemenschneider and William H. Cantwell, II of O'Brien Riemenschneider, *824 P.A., Melbourne, for Appellant/Cross-Appellee.
David H. Simmons and Kenneth P. Hazouri of Drage, de Beaubien, Knight, Simmons, Mantzaris & Neal, Orlando, for Appellee/Cross-Appellant.
PALMER, J.
In this residential construction lawsuit Lasco Enterprises, Inc. appeals, and Ronald and Kathleen Kohlbrand cross-appeal, the final order entered by the trial court which, in accordance with the jury's verdict, awarded neither party any damages on their countervailing claims. We affirm.
The parties entered into a contract whereby Lasco agreed to construct a home for the Kohlbrands. During construction, disputes arose between the parties regarding the construction schedule, the quality of the construction, and the amounts owed under the contract. Before construction was completed, but well beyond the date on which the contract was to have been completed, the Kohlbrands terminated the contract and refused to pay the monies demanded by Lasco as being due under the contract. Lasco responded to such refusal by filing a claim of lien against the Kohlbrands' home.
Lasco subsequently filed the instant action seeking to foreclose on its construction lien and asserting claims of breach of contract and quantum meruit. The Kohlbrands denied liability, asserted affirmative defenses, and set forth counterclaims alleging the recording of a fraudulent claim of lien, breach of contract based on construction deficiencies, breach of contract based on delay in the construction, negligent misrepresentation, and unjust enrichment.
During a nine day jury trial, Lasco abandoned its claim for quantum meruit and the trial court directed verdicts against the Kohlbrands on their claims for negligent misrepresentation and unjust enrichment. Accordingly, the claims which were submitted to the jury for resolution were Lasco's claims for lien foreclosure and breach of contract, and the Kohlbrands' counterclaims for fraudulent lien and breach of contract. The jury returned a special verdict finding that the Kohlbrands did not breach the contract with Lasco, that Lasco's claim of lien was not fraudulent, and that the amount of damages which the Kohlbrands sustained as a result of any breach of contract by Lasco was $0. After the verdict was returned but before the final judgment was entered, the trial court conducted a hearing on each party's motion for attorney's fees. Attorney's fees were sought based upon the applicable lien statute[1] and the prevailing party attorney fee provision in the parties' construction contract. The trial court ruled that the Kohlbrands were entitled to recover fees in connection with their defense of the lien foreclosure claim and that Lasco was entitled to recover its costs with regard to the Kohlbrands' fraudulent lien claim. The court further found that since the jury's verdict could be interpreted as meaning that neither party had been found to have breached the terms of the construction contract, neither party was entitled to recover prevailing party attorney's fees. Lasco filed a timely notice of appeal and the Kohlbrands timely filed their notice of cross-appeal.
Lasco raises three issues on appeal: 1) whether the trial court erred in denying its motion for a directed verdict on the Kohlbrands' counterclaims; 2) whether the trial court erred in instructing the jury regarding the duty of care owed to the Kohlbrands under the parties' contract; and 3) *825 whether the trial court erred in denying its claim for attorney's fees on the breach of contract claims.
As to the denial of the motion for directed verdict, Lasco contends it was entitled to receive a directed verdict as to all three counts of the Kohlbrands' counterclaim. However, Lasco has failed to provide this court with a record to support this claim.
"A party moving for a directed verdict admits the truth of all facts in evidence and every reasonable conclusion or inference which can be drawn from such evidence favorable to the non-moving party." Williamson v. Superior Insurance Co., 746 So.2d 483 (Fla. 2d DCA 1999). In challenging a trial court's denial of a motion for a directed verdict, the burden is on the appellant to show that the trial court erred in so ruling. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). Lasco has failed to sustain its burden of proving error on this issue due to the fact that it failed to provide this court with a complete copy of the trial transcript. See All American Soup & Salad, Inc. v. Colonial Promenade, 652 So.2d 911 (Fla. 5th DCA 1995)(holding that, by failing to provide complete transcript, appellant failed to meet burden of establishing reversible error to overcome presumption of correctness afforded to trial court's decision).
Lasco maintains that, even without a trial transcript, this court can properly review the trial court's decision denying Lasco's directed verdict motion because the ruling involves a question of law, not a question of fact. Lasco explains that its motion for a directed verdict was based in part, upon the following remedy provision set forth in the parties' contract:
D. Default by Builder. If a builder fails to perform under this Contract then Owner may proceed in equity to enforce Owner's rights under this Contract by an action for specific performance; or Owner may elect to receive the return of earnest money deposit.
Lasco contends that it was entitled to receive a directed verdict on the Kohlbrands' counterclaims because, pursuant to this provision, the Kohlbrands were prohibited from seeking recovery of money damages. We disagree.
First, the remedy provision was not applicable to the Kohlbrands' fraudulent lien claim, because the claim did not arise "under this contract." In addition, as to all of the Kohlbrands' breach of contract claims, the language of paragraph D did not place a limitation upon their available remedies, but instead, simply provided that the Kohlbrands "may" proceed in equity to enforce its rights or "may" elect to receive the return of earnest money deposit. The provision does not state that the Kohlbrands "shall" limit themselves to such remedies.[2]
Lasco next argues that the trial court reversibly erred in instructing the jury regarding the duty of care which it owed to the Kohlbrands under the terms of the parties' contract. We find no reversible error.
Decisions regarding jury instructions are within the sound discretion of the trial court and should not be disturbed on appeal absent a showing of prejudicial error. Klipper v. Gov't. Employees Ins. Co., 622 So.2d 1141 (Fla. 2d DCA 1993). The jury instruction in dispute here read as follows:

*826 The contractor is not responsible for errors or omissions in design supplied by owner or on owner's behalf unless he knew or had reason to know of such errors.
(Emphasis added).
Lasco contends that by including the language which is highlighted in bold print, the trial court misstated the applicable facts and the applicable law. However, even if this court were to conclude that the trial court erred in issuing this instruction, such error would be harmless, as a matter of law, since the jury returned a verdict finding that the Kohlbrands were entitled to recover zero damages on their breach of contract claims (notwithstanding the fact that the jury was instructed that Lasco possessed an increased duty of care to the Kohlbrands).[3]
Lasco lastly challenges the trial court's ruling on the issue of awarding contractual attorney's fees, claiming that the trial court erred in failing to grant its motion for attorney's fees because it had successfully defended against the Kohlbrands' breach of contract claims. In a related claim, the Kohlbrands similarly argue that the trial court erred in ruling that neither party was entitled to recover contractual attorney's fees and that our courts are required to determine a prevailing party in every breach of contract claim. We disagree.
The jury specifically found against Lasco on its breach of contract claim. The jury further found that Lasco was not liable to the Kohlbrands for any damages on either of their two breach of contract claims. Based upon this verdict, the trial court refused to award fees to either party, finding that neither had prevailed on the breach of contract claims and, therefore, no award of contractual fees was warranted. In reaching these conclusions, the trial court properly relied on the case of KCIN, Inc. v. Canpro Investments, Ltd., 675 So.2d 222 (Fla. 2d DCA 1996).
Although generally the law in Florida is that where a contract provides for an award of prevailing party attorney's fees, the trial court is without discretion to decline to enforce that provision, in Hutchinson v. Hutchinson, 687 So.2d 912 (Fla. 4th DCA 1997), the Fourth District recognized that in certain limited contract cases, no prevailing party may exist. In so ruling, the Fourth District cited to KCIN wherein the Second District held:
Prevailing party attorney's fees are just and proper in the majority of contract litigation. We are concerned, however, with contracts that fail as a result of fault by both contracting parties. A rule which requires an award of prevailing party attorney's fees in all cases may result in an unjust reward to a party whose conduct caused the failure of the contract. The rule is especially inequitable in the ever increasing number of cases in which the attorney's fees far exceed the claims for damages arising from the contract. Therefore, we hold that an attorney's fee award is not required each time there is litigation involving a contract providing for prevailing party fees.
675 So.2d at 223. We align ourselves with this reasoning and affirm the trial court accordingly. See also Lewis Oil Co., Inc. v. Milliken, 711 So.2d 636, 637 (Fla. 1st DCA 1998)(holding that trial court did not abuse its discretion in refusing to award costs based on finding that case was unique because neither party was prevailing *827 party, where plaintiff was awarded damages for breach of marketing agreement but defendants were also awarded damages on their counterclaim for breach of marketing agreement); Baldoria v. Security Realty Investment, Inc., 581 So.2d 189 (Fla. 3d DCA 1991)(holding that where neither party recovered against the other no prevailing party existed for purposes of awarding contractual prevailing party attorney's fees).
Alternatively, the trial court's decision to deny Lasco's claim for contractual prevailing party attorney's fees must be affirmed on the basis that Lasco is unable to demonstrate that it prevailed in defending against the Kohlbrands' breach of contract counterclaims since the special verdict form utilized at trial failed to direct the jury to decide whether Lasco breached the contract or whether Lasco was found to have breached the contract but no damages resulting therefrom were established by the trial evidence. To that end, the verdict form, while specifically asking the jury to determine whether the Kohlbrands breached the contract with Lasco, did not similarly ask the jury whether Lasco breached the contract with the Kohlbrands. Compare Pelican Bay Homeowners Ass'n. Inc. v. Sedita, 724 So.2d 684 (Fla. 5th DCA 1999)(awarding contractual prevailing party attorney's fees to party which was undeniably successful in its efforts to enforce the terms of its contract).
On cross-appeal the Kohlbrands raise three claims of error: 1) that the trial court erred in failing to direct a verdict in their favor on their fraudulent lien claim; 2) that the trial court erred in denying their motion for prevailing party contractual attorney's fees; and 3) that the trial court erred in awarding Lasco its court costs which were incurred in its defense of the Kohlbrands' fraudulent lien claim.
The Kohlbrands first argue that the trial court erred in denying their motion for a directed verdict on their fraudulent lien claim because the manifest weight of the trial evidence established that Lasco's claim of lien was willfully exaggerated. However, as noted above, the instant record does not contain a complete copy of the trial transcript. As a result, it is not possible for this court to find that the Kohlbrands met their burden of establishing reversible error to overcome the presumption of correctness afforded to the trial court's decision. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).
We have already addressed and rejected the Kohlbrands' argument that the trial court erred in failing to award either party prevailing party attorney's fees, concluding that the trial court properly held that neither party prevailed on the breach of contract claims and therefore no award for contractual fees was warranted. See KCIN.
The Kohlbrands lastly claim that the trial court erred in awarding Lasco the costs which it incurred in defending against the Kohlbrands' action for fraudulent lien, claiming that an award of costs must be made to the party who prevails in the overall litigation, not to specific claims included therein. However, the court's ruling on this issue is not yet ripe for appellate review. Although the trial court issued a ruling determining that Lasco is entitled to recover its costs incurred in defending against the Kohlbrands fraudulent lien claim, the court has not yet entered an order calculating the amount of such costs. An order which grants a party's motion for cost but reserves jurisdiction to determine the amount of costs is a non-final, non-appealable order which this court lacks jurisdiction to review. See Trans Atlantic Distributors, L.P. v. Whiland *828 & Co., 646 So.2d 752 (Fla. 5th DCA 1994).
AFFIRMED.
SHARP, W., J. and PERRY, JR., B., Associate Judge, concur.
NOTES
[1] See § 713.29, Fla. Stat. (1999).
[2] We note that, even if the trial court had erred in denying Lasco's motion for a directed verdict, no harm resulted to Lasco in light of the fact that the jury returned a verdict which denied the Kohlbrands any relief on their counterclaims.
[3] The language of the jury instruction was, in fact, consistent with Lasco's contractual obligation to construct the home in a "good, workmanlike manner." See Eichberger v. Folliard (1988) 169 Ill.App.3d 145, 119 Ill.Dec. 781, 523 N.E.2d 389.