848 So.2d 301 (2003)
Inquiry Concerning a Judge, No. 01-244, Re Charles W. COPE.
No. SC01-2670.
Supreme Court of Florida.
May 29, 2003.
*302 The Honorable James R. Jorgenson, Chairman, Hearing Panel, Tallahassee, Florida; John Beranek, Counsel to the Hearing Panel, Tallahassee, FL; John S. Mills, Special Counsel, The Mills Firm, Jacksonville, FL; Heather Ann Solanka Co-Counsel of Foley & Lardner, Jacksonville, FL; and Thomas C. MacDonald, Jr., General Counsel, Tampa, FL, for Petitioner, Florida Judicial Qualifications Commission.
Robert W. Merkle and David J. Plante of Merkle & Magri, P.A., Tampa, FL, for Respondent.
PER CURIAM.
We review the findings and recommendation of the Judicial Qualifications Commission (JQC) concerning the conduct of Circuit Judge Charles W. Cope. We have jurisdiction. See art. V, § 12 Fla. Const. Judge Cope contests neither the JQC's findings nor its recommended discipline, and we approve both as detailed below. Judge Cope argues, however, that he is entitled to attorneys' fees as the prevailing party because he admitted to the charges on which the JQC eventually found him guilty and denied those charges on which the JQC found insufficient evidence. For the reasons expressed below, we deny his request for attorneys' fees.

I.
The charges brought by the JQC stem from conduct exhibited by Judge Cope while attending an out-of-state judicial conference in April 2001. The investigative panel accused Judge Cope of (1) being publicly intoxicated on two nights; (2) stealing a hotel room key belonging to two women; (3) engaging in inappropriate conduct of an intimate nature with one of the women; (4) prowling and attempting to forcibly enter the women's hotel room; (5) making a material false statement to the police after being placed under a citizen's arrest; and (6) failing to disclose his citizen's arrest upon returning to the bench.
The hearing panel found that clear and convincing evidence supported the charges of public intoxication (count I) and inappropriate conduct of an intimate nature (count III). A verdict was directed in Judge Cope's favor on the remaining counts. The specific accusations and panel findings for counts I and III are as follows:
Count I
Public Intoxication
1. In the early morning hours of April 4, 2001, while in Carmel-by-the-Sea, California for a judicial conference, you became intoxicated from alcohol and wandered the public streets.
2. You wandered onto the premises of the Normandy Inn and began eavesdropping on the personal conversation of a grown woman and her mother, who were sitting outside their shared, second-floor hotel room.
3. You then went up the stairs and interposed yourself into the women's conversation.

*303 4. When the women discovered that the door to their hotel room was locked and they could not find their key, you suggested they come to your hotel room at the La Playa Hotel a few blocks away.
5. You and the two women began walking down the middle of the public street in an obviously intoxicated state and were picked up by a police officer, who drove the three of you to your hotel.
6. During the evening of April 4 and early morning hours of April 5, 2001, you again became very intoxicated in public and wandered the streets.
7. By your own admission, you were so intoxicated that you could not remember what you did or where you went.
8. The inappropriate nature of your conduct was exacerbated by the fact that your conduct occurred while attending an out-of-state judicial conference at taxpayer's expense and the public location of much of your conduct.
PANEL FINDING:
The Panel finds Judge Cope guilty in part as to this charge based largely upon his own admissions. Both Judge Cope and his counsel admitted that his conduct under this charge was entirely inappropriate.
. . . .
Count III
Inappropriate Conduct of an Intimate Nature
12. After the police officer returned the two women to their hotel room during the early morning hours of April 4, 2001, you returned to the women's room and asked the daughter to walk with you on the beach.
13. You subsequently engaged or attempted to engage in conduct of an intimate nature with the daughter, who was obviously intoxicated and in an emotionally vulnerable state.
14. Regardless of whether the daughter initiated the intimate conduct or actively resisted sexual advances by you, your conduct tends to undermine the public's confidence in the judiciary and demeans the judicial office.
15. The inappropriate nature of your conduct was exacerbated by your intoxicated state, the fact that your conduct occurred while attending an out-of-state judicial conference at taxpayer's expense, and the public location of much of your conduct.
PANEL FINDING:
The Hearing Panel finds Judge Cope guilty in part on this count based largely upon the admissions of Judge Cope. Again both Judge Cope and his counsel consistently agreed that his conduct under this charge was entirely inappropriate.
Inquiry Concerning a Judge, No. 01-244, Charles W. Cope, Findings, Conclusions and Recommendations at 4-6 (Fla. Judicial Qualification Comm'n report filed Aug. 2, 2002). The JQC specifically found that Judge Cope's conduct brought the judiciary into disrepute. Id. at 11-12.

II.
Because Judge Cope does not contest the findings of the JQC, we begin our analysis with the understanding that Judge Cope's conduct in Carmel, California, brought the judiciary into disrepute. Bringing the judiciary into disrepute is a violation of Canon 5A(2), Florida Code of Judicial Conduct. Accordingly, Judge Cope will be disciplined for his conduct. We give deference to the hearing panel's determination that insufficient evidence exists to support counts II, IV, and V. See In re Crowell, 379 So.2d 107 (Fla.1979) *304 (because the hearing panel is in a position to evaluate the evidence first-hand, its findings of fact are of persuasive force and should be given great weight). We also agree with the JQC that no canon of judicial conduct required Judge Cope to report to the JQC or to parties appearing before him that a citizen had arrested him on a minor misdemeanor charge.

III.
The JQC recommended that Judge Cope be publicly reprimanded for bringing the judiciary into disrepute. Judge Cope does not contest the recommended discipline. Given his sincere remorse and his exemplary performance as a judge, a public reprimand is appropriate. See In re Norris, 581 So.2d 578 (Fla.1991).

IV.
Judge Cope seeks to recover his attorneys' fees and costs. We discuss each in turn.

A.
Judge Cope seeks to recover his costs under Florida Rule of Judicial Administration 2.140. Judge Cope argues that he is the prevailing party because the JQC found in his favor on all the charges he contested, and that the only two issues on which he was found guilty were those to which he had admitted guilt. We disagree.
Rule 2.140 provides: "The supreme court may award reasonable and necessary costs, including costs of investigation and prosecution, to the prevailing party. Neither attorneys' fees nor travel expenses of commission personnel shall be included in an award of costs." Fla. R. Jud. Admin. 2.140(c) (emphasis added). The prevailing party for purposes of taxing costs is the party who prevailed on the significant issues below. See Moritz v. Hoyt Enters., Inc., 604 So.2d 807 (Fla.1992). Under this test, the JQC prevailed on the significant issues in the litigation below. The overriding issue was whether Judge Cope's conduct brought the judiciary into disrepute. Although the panel divided Judge Cope's conduct into separate charges, the charges were temporally related to a single episode. See In re Norris, 581 So.2d 578 (Fla.1991) (finding that a 72-hour spree that included discharging a firearm inside a house, driving while intoxicated, and attempting to commit suicide was a one-time personal crisis compounded by the undiagnosed disease of alcoholism).
Judge Cope maintains that he is entitled to costs because he admitted he was publicly intoxicated and engaged in inappropriate intimate conduct in public, thus rendering a hearing unnecessary. The record shows, however, that Judge Cope did not fully admit his guilt either before or during the hearing. Both his answer and his response to requests for admissions denied the charges. These denials alone rendered a hearing necessary. Even at the hearing, his testimony was equivocal:
Q. Do you acknowledge here today that you were publicly intoxicated on both April 3rd and April 4th?
A. I can acknowledge that, yes, but I would like to make distinctions on
. . . .
Q. You were intoxicated?
A. Yes.
Q. And you were in public?
A. Yes.
Q. Walking around in public intoxicated?
A. Yes. With qualifications, yes.
A candid admission required Judge Cope to answer "yes." An answer of "yes, but" and "yes, with qualifications" falls short of a genuine admission of wrongdoing. Judge Cope was implicitly arguing *305 that he was not stumbling-over drunk and thus was not guilty of violating any canon of judicial conduct. Moreover, in his closing argument Judge Cope's counsel stated:
If you find, as I think you will, Judge Cope was intoxicated, please be faithful to the evidence in the case and at least distinguish the degree of intoxication from that alleged in Count I....
If you find that Judge Cope is responsible under Count IIIand, you know, I wasn't born yesterday.
Clearly these arguments, coupled with Judge Cope's testimony, and his denial of the requested admissions, show that Judge Cope argued his innocence throughout the proceeding.

B.
Judge Cope argues he is entitled to recover attorneys' fees under section 57.105, Florida Statutes (2002), because the charges of theft, prowling and attempted forceful entry, lying to the police, and failure to report the citizen's arrest were all unfounded. Section 57.105 sanctions apply only to civil proceedings. Cf. Procacci Commercial Realty, Inc. v. Dep't of Health & Rehab. Servs., 690 So.2d 603, 608 n. 8 (Fla. 1st DCA 1997). We have never applied the statute to proceedings before the JQC, or to any other administrative proceeding, for that matter. Even if section 57.105 did apply to JQC proceedings, however, Judge Cope still would not be entitled to attorneys' fees. The claims the Special Prosecutor pursued against Judge Cope, while ultimately not proven by the heightened standard of clear and convincing evidence, were not such that the Special Prosecutor knew or should have known that they lacked merit.

VI.
Based on the foregoing discussion, Judge Cope is hereby commanded to appear before this Court on a date to be set by further order of the Court, for the administration of a public reprimand for bringing the judiciary into disrepute. We direct that each party bear its own costs for the proceeding.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.