RAMIREZ, J.
Watkins Motor Lines, Inc. appeals the entry of a final judgment entered in favor of Underwriters at Interest, at Lloyds for the loss of a shipment of computer equipment that belonged to Tech Data, Lloyds’ insured. Lloyds cross-appeals the court’s determination of pre-judgment interest. We affirm the entry of judgment in Lloyds’ favor, but reverse the court’s determination of pre-judgment interest.
In 1999, Watkins entered into a contract with Tech Data in which Watkins agreed to transport a series of shipments for Watkins. The parties dispute the applicability of two contractual provisions:
*1144 (1) Watkins’ liability was limited under Paragraph 9 of the contract to $25.00 per pound, subject to a maximum of $100,000 per shipment, for loss or damage claims involving a shipment, “except in the event of loss or damage to goods occurring in circumstances in which there was a failure to comply with any of the security requirements of Schedule D, Part I” of the contract.
(2) If Watkins failed to comply with the security requirements of Schedule D, Part I, then paragraph 9 of the contract entitled Tech Data “to recover from [Watkins], as liquidated damages and not as a penalty, a sum equal to 110% of the invoice value of the affected goods ...”
The contract also contained two provisions concerning security which are also relevant to our analysis. Pursuant to paragraph 6 of the contract, Watkins agreed to provide “the minimum levels of security set forth in Schedule D, Part I.” Paragraph G of Schedule D provided that “loaded trailers shall be secured with a high-security padlock at all times other than during actual loading/unloading.”
While the contract was in effect, Tech Data tendered and Watkins received a shipment that contained 72 cartons of computer equipment for transportation. The entire shipment was lost in July 1999. On December 6, 1999, Lloyds demanded that Watkins pay for the loss at the rate of $25.00 per pound or $38,175.00. Lloyds also sought evidence of Watkins’ compliance with the security requirements contained in Schedule D. Watkins subsequently issued payment in the amount of $38,462.59 on February 14, 2000, but did not provide evidence of compliance with Schedule D. Lloyds rejected Watkins’ payment and demanded payment of 110% of the invoice value of the missing shipment or $69,960.00. Watkins refused to pay.
Lloyds, as subrogee of Tech Data, sued Watkins seeking damages in the amount of 110% of the invoice value of the missing shipment or $69,960.00. We agree with the trial court’s subsequent entry of summary judgment in Lloyds’ favor as to liability and its entry of final judgment in Lloyds’ favor in the net amount of $31,785.00, which reflects an award of $69,960.00, less $38,175.00 that Watkins had paid in 2003 after the trial court granted partial summary judgment. In its amended final judgment, the court determined that the date of the loss was the date on which Tech Data paid for the invoice or October 1, 1999, and that Lloyds was thus entitled to prejudgment interest from October 1, 1999 through February 19, 2000, which represented the approximate date on which Lloyds received the payment they initially demanded from Watkins.
On cross-appeal, Lloyds argues that the trial court improperly calculated prejudgment interest by cutting off the amount tendered on February 19, 2000. The trial court awarded interest on $69,960.00 from the date of loss, October 1, 1999, to February 19, 2000, then computed interest on $41,785.00 thereafter until the date of the final judgment on March 26, 2004, for a total of $14,112.80 in interest. It is undisputed, however, that the tender was rejected and Watkins did not actually pay the $38,175.00 until the trial court entered partial summary judgment on December 8, 2003. We thus agree with Lloyds that it was error not to award interest on the $38,175.00 from February 19, 2000 to December 8, 2003.
Florida adheres to the “loss theory” approach to pre-judgment interest. See Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla.1985). In Argonaut, the Florida Supreme Court recognized the need to make a plaintiff whole as of the date of the plaintiffs loss. Id. at 214. See also Fid. and Guar. Ins. Under *1145 writers, Inc. v. Federated Dep’t Stores, Inc., 845 So.2d 896, 903 (Fla. 3d DCA 2003). The Florida Supreme Court further stated that the computation of prejudgment interest is merely a mathematical computation. Id. at 215. Thus, under the “loss theory” approach to prejudgment interest, the trial court had no alternative but to award interest on the full amount, because Lloyds never accepted the sum tendered nor did Watkins deposit the money into the court registry.
We therefore affirm the entry of final judgment in Lloyds’ favor, and remand this cause to the trial court to recalculate prejudgment interest from the date of loss.
Affirmed in part, reversed in part, and remanded.