932 So.2d 487 (2006)
Rickey Ray WYATT and Eric Hewko, Appellants,
v.
MILNER DOCUMENT PRODUCTS, INC., a foreign corporation, Montgomery & Larson LLP, and Robert M. Montgomery, Jr., Appellees.
Nos. 4D05-2686, 4D05-3338.
District Court of Appeal of Florida, Fourth District.
June 14, 2006.
*488 Eric Hewko of The Hewko Firm, North Palm Beach, for Rickey Ray Wyatt and Eric Hewko.
James W. Beasley, Jr., and Robert J. Hauser of Beasley, Hauser, Kramer, Leonard & Galardi, P.A., West Palm Beach, for Montgomery & Larson LLP, and Robert M. Montgomery, Jr.
Jane Kreusler-Walsh and Barbara J. Compiani of Jane Kreusler-Walsh, P.A., West Palm Beach, for Christopher M. Larmoyeux.
POLEN, J.
In Montgomery v. Wyatt, 922 So.2d 1018 (Fla. 4th DCA 2006), we affirmed the trial court's division of plaintiff's attorneys' fees between attorneys Montgomery, Larmoyeux, and Hewko in the underlying personal injury litigation styled Rickey Ray Wyatt v. Milner Document Products, Inc. We now face two additional appeals arising from this matter, involving the trial court's orders granting a motion to tax prejudgment *489 interest against Montgomery and denying a motion to tax costs against Montgomery. We sua sponte consolidate these two appeals and, for the reasons stated herein, reverse as to each, holding that the trial court erred in awarding prejudgment interest to Larmoyeux and Hewko and in failing to tax costs in favor of Hewko and Wyatt.
First, we hold that the trial court erroneously awarded prejudgment interest to Larmoyeux and Hewko where the funds were placed in an escrow account under court control. An order awarding prejudgment interest is reviewed de novo. Ferrell v. Ashmore, 507 So.2d 691, 695 (Fla. 1st DCA 1987). Following a hearing, the trial court entered a Final Order on Plaintiff Wyatt, Hewko, and Larmoyeux's Motions to Tax Interest Against Montgomery. The court ordered Montgomery to pay statutory prejudgment interest, less the interest which had actually accrued and had already been distributed to Hewko and Larmoyeux.
Prejudgment interest is not recoverable in this case because prejudgment interest does not run on court-controlled, escrowed funds. A party can avoid liability for interest after placing the payment into the registry of the court. Warren v. Old Dominion Ins. Co., 465 So.2d 1376 (Fla. 5th DCA 1985) (party could have stopped the running of interest by depositing the arbitrated amount with the registry of the court); Employers' Liab. Assur. Corp. v. Royals Farm Supply, Inc., 186 So.2d 317, 320 (Fla. 2d DCA 1966) (same); Watkins Motor Lines, Inc. v. Underwriters at Interest, at Lloyds, 892 So.2d 1143 (Fla. 3d DCA 2005) (trial court should have awarded prejudgment interest where defendant failed to deposit money into court registry). The situation in the instant case, in which, through an agreed order by all parties the disputed amount of $121,419.34 plus five days' interest was held in Milner's attorney's trust account "to be released only upon further order of court or written stipulation of all parties," is analogous to the funds having been placed in the registry of the court, as no party had use of the funds and the court was in control of the escrowed funds. Therefore, we hold that the running of prejudgment interest should have stopped on February 28, 2003, the day of the agreed order depositing the disputed funds into the escrow account.
Additionally, we hold that prejudgment interest is not recoverable in this case because it was not requested within the timeline for rehearing and amendments of judgments under Florida Rule of Civil Procedure 1.530(b), which allows the motion to be made within the ten-day period from the date of filing of the judgment in a non-jury action. See Home Ins. Co. v. Crawford & Co., 890 So.2d 1186 (Fla. 4th DCA 2005); Emerald Coast Commc'ns, Inc. v. Carter, 780 So.2d 968 (Fla. 1st DCA 2001); McGurn v. Scott, 596 So.2d 1042 (Fla.1992). Therefore, Hewko and Larmoyeux waived their right to prejudgment interest by not filing their motion for prejudgment interest until February 7, 2005, thirty-three days after the January 6, 2005 order on Montgomery's charging lien.
Second, we hold that the trial court erroneously failed to tax costs against Montgomery and his firm. A trial court's ruling on a motion to tax costs is reviewed for abuse of discretion. Thomas v. Sports Car Club of Amer., Inc., 386 So.2d 272, 274 (Fla. 4th DCA 1980). Following a hearing on Wyatt and Hewko's motion to tax costs against Montgomery, the trial court denied the motion, relying on Lewis Oil Co. v. Milliken, 711 So.2d 636, 637 (Fla. 1st DCA 1998).
*490 Trial costs in this case are governed by section 57.041(1), Florida Statutes,[1] which hinges on whether the party seeking to tax costs is considered the "prevailing party:"
Costs under this section are governed by the "prevailing party" standard as articulated in Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992). See J. Sourini Painting, Inc. v. Johnson Paints, Inc., 809 So.2d 95, 98 (Fla. 2d DCA 2002); Lerner v. Regency Homes, Inc., 745 So.2d 552, 553 (Fla. 4th DCA 1999); Mulato v. Mulato, 734 So.2d 477, 478-79 (Fla. 4th DCA 1999) (applying the Moritz "prevailing party" test to determine whether a party is entitled to trial costs).
Spring Lake Imp. Dist. v. Tyrrell, 868 So.2d 656, 658-59 (Fla. 2d DCA 2004). "The prevailing party for purposes of taxing costs is the party who prevailed on the significant issues below." In re Cope, 848 So.2d 301, 304 (Fla.2003). In determining who prevailed on the significant issues, the court must determine the "overriding issue" in the case. Id.
In the instant case, the "overriding issue" before the trial court was how to distribute the attorneys' fees from the Wyatt matter. From the onset, Wyatt and Hewko maintained that, pursuant to Hessen v. Kaplan, 564 So.2d 184 (Fla. 3d DCA 1990), Montgomery was entitled to claim only 80% of Larmoyeux's 30% portion of the attorneys' fee, and none of Hewko's fee. Wyatt and Hewko never asserted that Montgomery had no claim to any of the attorneys' fees from the Wyatt matter, just that he had no claim to any of Hewko's 70% portion of the fees. Montgomery, on the other hand, took the position that he was entitled to 80% of the total fees of both Larmoyeux and Hewko, due to conspiracy, fraud, and tortious interference by Wyatt, Hewko, and Larmoyeux and an invalid fee agreement between Hewko and Wyatt. In its final order, the trial court held that Montgomery is entitled to claim only 80% of Larmoyeux's 30% of the attorneys' fees, finding no merit in Montgomery's fraud, etc. claims against Wyatt, Hewko, and Larmoyeux and finding that Wyatt and Hewko had a valid fee agreement. This court affirmed, citing Hessen. See Montgomery v. Wyatt, 922 So.2d 1018 (Fla. 4th DCA 2006). Based on the foregoing, Wyatt and Hewko were the parties who prevailed on the "overriding issue" of the litigation and, as such, are entitled to the taxation of costs.
"[I]t is results, not procedure, which govern the determination." Smith v. Adler, 596 So.2d 696, 697 (Fla. 4th DCA 1992). Unlike Lewis Oil Co. v. Milliken, in which both parties prevailed on their claims, the trial court's findings and holdings in the case at bar clearly adopted the positions of Wyatt and Hewko as to the significant issues of the case, the proper division of attorneys' fees. Therefore, we hold that the trial court abused its discretion in failing to tax costs against Montgomery and his firm and in favor of Wyatt and Hewko.
Based on the foregoing, we reverse the trial court's orders granting Larmoyeux and Hewko's motions to tax prejudgment interest against Montgomery and denying Wyatt and Hewko's motion to tax costs against Montgomery, and remand this matter to the trial court for entry of orders in accordance with this opinion.
SHAHOOD and TAYLOR, JJ., concur.
NOTES
[1] § 57.041(1) provides, in pertinent part, "The party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment."