580 So.2d 314 (1991)
Willie Mae AUGUSTIN, Appellant,
v.
HEALTH OPTIONS OF SOUTH FLORIDA, INC., Appellee.
No. 90-2672.
District Court of Appeal of Florida, Third District.
May 28, 1991.
Rehearing Denied June 26, 1991.
John J. Spiegel, Miami, for appellant.
Wicker, Smith, Blomquist, Tutan, O'Hara, McCoy, Graham & Lane, and Shelley *315 H. Leinicke, Fort Lauderdale, for appellee.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
This is an appeal by the plaintiff Willie Mae Augustin from an adverse final summary judgment in an action brought against the defendant Health Options of South Florida, Inc. [Health Options], a health maintenance organization, to compel payment for medical services rendered to the plaintiff by an orthopedic surgeon [a member physician of the defendant HMO]. We reverse based on the following briefly stated legal analysis.
First, the defendant Health Options refused to pay the medical bill in question on the ground that the plaintiff had unilaterally sought non-emergency treatment from a specialized physician, without a prior referral by the plaintiff's primary care physician in alleged violation of the terms of the HMO contract to which the plaintiff was a party subscriber. Because the specialist physician thereafter sought to collect his bill from the plaintiff by asserting a claim against the plaintiff's tort recovery from a third party, it is clear that (1) the plaintiff had standing to bring the instant action to protect her interests, and (2) the trial court's determination to the contrary was in error. See, e.g., Medical Center Health Plan v. Brick, 572 So.2d 548 (Fla. 1st DCA 1990); Riera v. Finlay Medical Centers HMO Corp., 543 So.2d 372 (Fla. 3d DCA 1989).
Second, the defendant Health Options, during the pendency of this action, eventually changed its entire position in this matter and made full payment to the specialized physician as prayed for in the plaintiff's complaint, which necessarily mooted the instant action. This was the functional equivalent of a judgment or verdict in favor of the plaintiff and therefore entitled the plaintiff to an award of attorney's fees under § 641.28, Fla. Stat. (1989), as the prevailing party below. Wollard v. Lloyd's and Companies of Lloyd's, 439 So.2d 217, 218 (Fla. 1983); Ginsberg v. Keehn, 550 So.2d 1145, 1147 (Fla. 3d DCA 1989); Avila v. Latin American Property & Casualty Ins. Co., 548 So.2d 894 (Fla. 3d DCA 1989); Fortune Ins. Co. v. Brito, 522 So.2d 1028 (Fla. 3d DCA 1988); Gibson v. Walker, 380 So.2d 531, 533 (Fla. 5th DCA 1980).
The final summary judgment under review is therefore reversed, and the cause is remanded to the trial court with directions to dismiss the instant action as moot and to award attorney's fees to the plaintiff as the prevailing party below.
Reversed and remanded.