596 So.2d 696 (1992)
Marlene A. SMITH, Barry T. Werblow and Bari L. Werblow, his wife, and Alan G. Ehrlich, Appellants,
v.
Gwen ADLER, Bonnie Lurer, Mary Hughart, Brad Orvieto, Jeffrey S. Siniawsky, and Jacaranda Lakes Homeowner's Association, Inc., Appellees.
No. 90-2489.
District Court of Appeal of Florida, Fourth District.
February 5, 1992.
*697 Mark B. Schorr of Mark B. Schorr, P.A., Fort Lauderdale, for appellants.
Paul R. Regensdorf, Robert D. McIntosh and Harold A. Saul of Fleming, O'Bryan & Fleming, P.A., Fort Lauderdale, for appellee-Jacaranda.
Neil F. Garfield of Garfield & Associates, P.A., Fort Lauderdale, for appellees-Owen Adler, Bonnie Lurer, Mary Hughart, Brad Orvieto, and Jeffrey S. Siniawsky.

ON MOTION FOR CLARIFICATION
PER CURIAM.
We withdraw our previously issued opinion and substitute the following in its place.
We reverse the trial court's order denying costs and attorney's fees to appellant in this litigation over the conduct of an election of a homeowner's association.
The trial court ruled that there was no prevailing party because the court itself took control of the litigation. The test is, however, whether the party "succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983), adopted in Pappert v. Mobilinium Associates V, 512 So.2d 1096 (Fla. 4th DCA 1987). Thus, it is results, not procedure, which govern the determination. In this case the appellants secured most of the relief originally requested in the suit, and it matters not that the trial court controlled the procedure which secured the relief. Furthermore, the fact that no final judgment was entered is also not controlling where there is a functional equivalent of a judgment. See Augustin v. Health Options of South Florida, Inc., 580 So.2d 314 (Fla. 3d DCA 1991).
However, we affirm that part of the award which denied recovery of costs and attorney's fees against the homeowner's association itself. There were no pleadings filed against the homeowner's association and thus no request for costs and attorney's fees. See Stockman v. Downs, 573 So.2d 835 (Fla. 1991). We cannot conclude under the facts of this case that the homeowner's association waived an objection to the failure to plead the request for costs and attorney's fees. Therefore, the order denying costs and fees against the association was not in error.
We remand for further proceedings on the award of costs and attorney's fees against the individual defendants.
DOWNEY, LETTS and WARNER, JJ., concur.