606 So.2d 492 (1992)
LUCITE CENTER, INC., Appellant/Cross Appellee,
v.
John F. MERCEDE, Appellee/Cross Appellant.
No. 91-1883.
District Court of Appeal of Florida, Fourth District.
October 21, 1992.
Robert Garven and Eugene Lewis, Sunrise, for appellant/cross appellee.
*493 Adam Kurlander of Hornsby, Sacher, Zelman & Stanton, P.A., Miami, for appellee/cross appellant.
GUNTHER, Judge.
This is an appeal and cross appeal from a final judgment. Lucite Center, Inc. brought a one count complaint against John Mercede for breach of a lease agreement, seeking the return of its security deposit and damages. Mercede counterclaimed for damages, alleging that Lucite breached the lease agreement. The trial court entered the following final judgment:
1. Neither party met their burden of proof sufficiently to be deemed a "prevailing party."
2. Defendant breached the lease by failing to have the premises ready on time.
3. Plaintiff breached the lease by failing to provide prior written notice of the "fit-up" requirements.
4. Plaintiff breached the lease by improperly terminating it.
5. Plaintiff shall recover his security deposit of $7,700.00.
6. Each party to bear their own attorney fees and costs.
We reverse.
Lucite argues that the trial court erred in denying its request for attorney's fees and costs. According to Lucite, since it was awarded the return of its security deposit, it was the prevailing party and therefore entitled to attorney's fees and costs.
Mercede, on the other hand, argues that he was excused from performing under the lease agreement because Lucite breached two conditions precedent to Mercede's obligation to perform. Therefore, Mercede asserts, the trial court erred in awarding Lucite the return of its security deposit and in finding that Mercede breached the lease agreement.
The issue is whether a trial court can find both parties to a contract in breach, award one party the return of its security deposit, find that neither party prevailed, and then deny attorney's fees and costs to both parties on the grounds that neither was a prevailing party.
In a breach of contract action, one party must prevail. See Miller v. Reinhart, 548 So.2d 1176, 1177 (Fla. 4th DCA 1989). As this court stated in Miller,
Either appellant or appellees breached the contract. The breach by one party to a contract releases the other party from performing any future contractual obligations. 11 Fla.Jur.2d Contracts § 169 (1979). Either appellant or appellees is entitled to attorney fees under the contract. Accord Katz v. Van Der Noord, 546 So.2d 1047 (Fla. 1989).
Id.
Likewise, in the instant case, either Lucite or Mercede breached the contract and either Lucite or Mercede is entitled to attorney's fees and costs under the contract. Therefore, upon remand, the trial court shall determine which party breached the contract. Once the trial court makes that determination, the trial court must determine who is the prevailing party and then award attorney's fees and costs to the prevailing party. "[T]he fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party has in fact prevailed on the significant issues tried before the court." Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla. July 23, 1992). Thus, on remand, the trial court in the instant case shall determine which party breached, which party prevailed on the significant issues and award attorney's fees accordingly.
In conclusion, we hold that the trial court erred in finding that both parties breached the lease agreement, in returning Lucite's security deposit, and in determining that neither party was the prevailing party. Therefore, we reverse the final judgment. On remand, the trial court is instructed to reconsider its findings in accordance with this opinion.
REVERSED AND REMANDED.
DELL, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.