658 So.2d 1119 (1995)
The GREEN COMPANIES, INC. Appellant,
v.
KENDALL RACQUEALL INVESTMENT, LTD., and Scandinavian Health & Fitness Centers, Inc., Appellees.
No. 93-2432.
District Court of Appeal of Florida, Third District.
July 26, 1995.
*1120 Colson, Hicks, Eidson, Colson, Matthews, & Gamba, Miami; Russo & Talisman, P.A., and Elizabeth K. Russo, Coconut Grove, for appellant.
Joe N. Unger, P.A.; Aronovitz and Associates, Miami, for appellees.
Before BARKDULL, GERSTEN and GREEN, JJ.
PER CURIAM.
Appellant, The Green Companies, Inc. ("Green") appeals from a final order granting Kendall Racquetball Investment, LTD ("Kendall") and Scandinavian Health & Fitness Centers, Inc. ("Scandinavian") attorneys' fees as prevailing parties on the issue of damages after a bifurcated trial which severed equitable issues from the issue of damages.[1],[2]
Green developed Dadeland West, a commercial and office center in 1977. Dadeland West was subject to a Declaration of Reciprocal Parking and Easement Agreement which required each lot owner to provide parking spaces for the use of customers, tenants and employees. Anyone needing to park at Dadeland West could use any available space. Green owned several parking lots and Kendall owned one.
In 1984, Kendall leased its health club to Scandinavian, which expanded the facility and increased membership. Since Kendall's parking area contained approximately 64 spaces, Green argued that the increase of clients to the health club created a shortage of parking for the entire center as the health club members took any available parking space. Kendall contended that any parking difficulties at Dadeland West was due to Green's continuing development at the site.
Green filed suit in 1987 for specific performance of the parking agreement, injunctive relief and damages. The trial court severed the damages count and conducted a bench trial on the issue of whether Kendall and Scandinavian were breaching the parking agreement and, if so, what equitable remedies should be enforced. The trial court ruled in favor of Kendall and Scandinavian and awarded attorneys' fees. This court reversed and remanded, Green I, 560 So.2d 1208, upon a finding that the trial court had not correctly interpreted the applicable provisions of the parking agreement and that Kendall and Scandinavian, under those provisions, had breached the agreement. The *1121 award of attorneys' fees to Kendall and Scandinavian was also reversed.[3]
The case then went to trial on Green's claim for past monetary damages. The jury found that Kendall and Scandinavian had breached the parking agreement for the years 1984-1988 and 1990 but that these breaches were overcome by Kendall and Scandinavian's equitable defenses of waiver and estoppel. No damages were awarded and Green appealed. This court affirmed. Green II, 613 So.2d 933. Kendall and Scandinavian filed motions for appellate attorneys' fees, which this court granted, with the amount to be set by the trial court.
The case then went back to the trial court for an award of attorneys' fees. On remand, in addition to the issue of appellate attorneys' fees, the trial court also reviewed the motions for fees and memoranda of law filed by all parties on the issue of whether Kendall and Scandinavian were entitled to trial fees. The court ultimately awarded trial and appellate fees in the amount of $216,100 to Kendall and $131,775 to Scandinavian. Green appeals the award of trial fees.
In order to decide whether the award of attorneys' fees to Kendall and Scandinavian for the damages action at the trial level was proper, we must first decide who the "prevailing" party was in the proceedings below. In Moritz v. Hoyt Enter., Inc., 604 So.2d 807 (Fla. 1992), the Florida Supreme Court adopted the standard set out in Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), that the "prevailing party" for purposes of attorneys' fees is the party prevailing on the significant issues in the litigation. Moritz, 604 So.2d at 810. The court went on to state that "the fairest test to determine who is the prevailing party is to allow the trial judge to determine from the record which party in fact prevailed on the significant issues tried before the court." Id. It is the result obtained which must govern the determination of which party prevailed. Smith v. Adler, 596 So.2d 696 (Fla. 4th DCA 1992).
In a breach of contract action, one party must prevail. Lucite Ctr., Inc. v. Mercede, 606 So.2d 492, 493 (Fla. 4th DCA 1992) (citing Reinhart v. Miller, 548 So.2d 1176, 1177 (Fla. 4th DCA 1989) ("Unless in the same lawsuit there are separate and distinct claims which would support independent actions, there can only be one prevailing party [under one contract]."). Whether Kendall and Scandinavian breached the parking agreement was the only substantive issue involved in this action. Throughout the litigation Green has prevailed on the issue of whether Kendall and Scandinavian breached the parking agreement. Also throughout the litigation, the trial court has been fashioning equitable remedies designed to enjoin Kendall and Scandinavian from continuing to cause parking problems.[4] Certainly, Green procured the primary relief it originally sought when it filed the complaint against Kendall and Scandinavian. See Smith v. Adler, 596 So.2d at 697.
The trial court predicated its award of attorneys' fees for the damages trial to Kendall and Scandinavian solely on the basis that, even though the jury found that the two defendants had breached the parking agreement, they "prevailed" in that the jury did not award Green any damages. It seems evident from the trial court's order on fees that, having heard arguments on the applicability of Moritz, it was not certain that the award of trial attorneys' fees to Kendall and Scandinavian was the correct result. The trial court stated in a footnote in the final order that: "if an Appellate Court should determine that there can be only one prevailing party in this action, that the prevailing party would be Plaintiff [Green] utilizing the test set forth in Moritz. ..." We agree with the trial court that Green is the prevailing party for purposes of the award of attorneys' fees because it prevailed on the significant issue in the case, i.e., whether Kendall and Scandinavian breached the parking agreement.
*1122 For this same reason we reject Kendall and Scandinavian's argument that Green's claims were so separate and distinct that they could be the prevailing parties on the damages issue and Green could be the prevailing party on the equitable issue. See Folta v. Bolton, 493 So.2d 440 (Fla. 1986). However, "[t]he Folta rule is not applicable when the litigation involves alternative theories of liability for the same wrong ..." Consolidated S. Sec., Inc. v. Geniac and Assocs., Inc., 619 So.2d 1027, 1028 (Fla. 2d DCA 1993); Zaremba Florida Co. v. Klinger, 550 So.2d 1131, 1132 (Fla. 3d DCA 1989). In the instant case, the action was bifurcated only on the question of remedies; that is to say, the issue in the equitable proceeding was whether Kendall and Scandinavian were currently breaching the parking agreement and, if so, what equitable remedies should be imposed. The issue in the legal proceeding was whether Kendall and Scandinavian had breached the parking agreement during specified years and, if so, what monetary damages should be imposed. If alternative theories of liability for the same wrong are not separate and distinct for purposes of ascertaining the prevailing party, then alternative theories of recovery for the same wrong also should not be separate and distinct.
Kendall and Scandinavian's second argument for affirmance of their attorneys' fees award is that this court's decision to grant their motion for appellate attorneys' fees became the law of the case and established their entitlement to an award of both trial and appellate fees. They contend that this court "rejected" Green's argument in its motion for rehearing that appellate fees should not be awarded Kendall and Scandinavian because they were not prevailing parties as defined by Moritz. They further reason that, because we rejected Green's argument, the appellate fees decision necessarily implied that Kendall and Scandinavian were also entitled to trial fees. We disagree with this reasoning.
Green raised the Moritz prevailing party argument for the first time in its motion for rehearing or clarification after this court remanded the issue of appellate fees to the trial court to set the amount to be awarded. This court could not consider Green's arguments on rehearing because those arguments were not properly preserved. Homestead Ins. Co. v. Poole, Masters & Goldstein, 604 So.2d 825, 826 (Fla. 4th DCA 1991) (on rehearing), rev. denied 604 So.2d 487 (Fla. 1992). Green did not respond when Kendall and Scandinavian initially filed their motions for appellate fees. As the Homestead court stated: "[T]he court never had the opportunity to consider appellees' arguments against such fee assessment. These arguments and the authorities relied on by appellees in the pending petition for rehearing come too late." Id. at 827. Further, it is well settled that an appellate court will not address on rehearing any issue which was neither briefed (in original or supplemental submissions) nor argued to the court. Eastern Airlines, Inc. v. King, 561 So.2d 1220, 1221 (Fla. 3d DCA 1990), rev. denied, 576 So.2d 288 (Fla. 1991), cert. denied, 500 U.S. 943, 111 S.Ct. 2238, 114 L.Ed.2d 480 (1991) (collecting cases).[5] Kendall and Scandinavian are simply incorrect when they assert that there was an adjudication on the merits of the prevailing party issue inherent in or implied by this court's decision on the appellate attorneys' fees issue.
Reversed and remanded to the trial court with instructions to award only appellate attorneys' fees to Kendall and Scandinavian for the appeal in Green II.
NOTES
[1] This case has been before the court numerous times. Further factual and legal discussion may be found in Green Cos. of Florida, v. Kendall Racquetball Inv., 613 So.2d 933 (Fla. 3d DCA 1993) and Green Cos. of Florida v. Kendall Racquetball Inv., 560 So.2d 1208 (Fla. 3d DCA 1990). A third opinion, Kendall Racquetball Inv. v. Green Cos., 657 So.2d 1187 (Fla. 3d DCA 1995) concerned the final cost judgment for the equitable proceeding. Yet another opinion, Green Cos. of Florida v. Kendall Racquetball Inv., 560 So.2d 1211 (Fla. 3d DCA 1990) reversed the trial court's award of attorneys' fees Kendall and Scandinavian after the equitable proceeding below. See infra.
[2] Kendall and Scandinavian filed notices of cross-appeal from the same final judgment. However, since these parties failed to address the cross-appeal in any subsequent filing, we deem the cross-appeal to have been abandoned.
[3] On remand, the trial court awarded Green $138,952.50 in attorneys' fees as the prevailing party on the equitable issues.
[4] For instance, the trial court allowed Green to tow improperly parked cars belonging to the Scandinavian Health Club members and to employ a security guard at Scandinavian's expense to police the parking lots.
[5] The court explicitly told Eastern to raise the issue when the case went back to the trial court on remand.