675 So.2d 222 (1996)
KCIN, INC., and Nick Varie, Appellants,
v.
CANPRO INVESTMENTS, LTD., Appellee.
No. 94-04599.
District Court of Appeal of Florida, Second District.
June 7, 1996.
*223 Kent A. Johanson of Treiser, Kobza & Volpe, Chartered, Naples, for Appellants.
Cary A. Cliff of Faerber, Hissam, Cliff & Perez-Benitoa, Naples, for Appellee.
BLUE, Judge.
KCIN, Inc., and Nick Varie (KCIN) appeal the denial of their motion for attorney's fees and costs. They assert entitlement on two theories: (1) as a prevailing party based on section 57.105(2), Florida Statutes (1991), and (2) as a result of an offer of judgment based on section 768.79. We affirm the denial based on section 57.105 because we agree with the trial court's refusal to name a prevailing party, but certify conflict with decisions of the Third and Fourth District Courts of Appeal. We reverse the denial based on section 768.79.
Canpro Investments, Ltd., filed a complaint against KCIN based on an alleged breach of a commercial lease. KCIN filed an answer and a counterclaim. Following a trial, the trial court found all the claims to be without merit and denied relief to all parties. KCIN then filed a motion for attorney's fees and costs based on an offer of judgment and as the prevailing party under the contract. The trial court denied the motion.
KCIN contends that the trial court erred in denying the section 57.105 motion because the court refused to declare a prevailing party. KCIN relies on Lucite Center, Inc. v. Mercede, 606 So.2d 492 (Fla. 4th DCA 1992), which states that in a breach of contract action, one party must prevail. See also, Green Cos. v. Kendall Racquetball Inv., Ltd., 658 So.2d 1119 (Fla. 3d DCA 1995). We conclude that under the facts of this case, the trial court's ruling of no prevailing party was proper. Prevailing party attorney's fees are just and proper in the majority of contract litigation. We are concerned, however, with contracts that fail as a result of fault by both contracting parties. A rule which requires an award of prevailing party attorney's fees in all cases may result in an unjust reward to a party whose conduct caused the failure of the contract. The rule is especially inequitable in the ever increasing number of cases in which the attorney's fees far exceed the claims for damages arising from the contract. Therefore, we hold that an attorney's fee award is not required each time there is litigation involving a contract providing for prevailing party fees. To the extent that the decisions in Lucite and Green Companies require an award of prevailing party attorney's fees in every such case, we certify conflict to the Florida Supreme Court.
KCIN's second issue, entitlement to fees based on the offer of judgment statute, appears to be controlled by TGI Friday's, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995), which was issued subsequent to the trial court's ruling. Because the trial court did not have the benefit of TGI Friday's when it ruled, we reverse and remand for the court to reconsider the request for an award of attorney's fees and costs under section 768.79.
Affirmed in part, reversed in part, and remanded. Conflict certified.
CAMPBELL, A.C.J., and FULMER, J., concur.