687 So.2d 912 (1997)
Candyce E. HUTCHINSON, n/k/a Candyce E. Serafin, Appellant,
v.
Richard J. HUTCHINSON, Appellee.
No. 95-4291.
District Court of Appeal of Florida, Fourth District.
January 29, 1997.
*913 Terrence F. Dytrych of Terrence F. Dytrych, P.A., West Palm Beach, for appellant.
Mark A. DiAntonio and William R.H. Broome of William R.H. Broome, P.A., West Palm Beach, for appellee.
PER CURIAM.
Candyce Serafin appeals a judgment for child support and alimony arrearages owed by her former husband, Richard Hutchinson. We reverse in part and remand for reconsideration of the award of attorney's fees.
The parties' property settlement agreement provides for the recovery of attorney's fees, costs, and expenses to any party forced to bring an action to enforce the terms of the agreement. Serafin claimed $40,531.92 in child support and alimony arrearages, and the husband claimed various set-offs and laches. The trial court awarded Serafin a total of $24,620.00. The court declined to award attorney's fees to Serafin, reasoning that both parties had won some issues, since the husband had substantial success in his set-off and laches affirmative defenses.
The trial court erred by failing to award attorney's fees to a prevailing party. Where a contract provides attorney's fees for a prevailing party, the trial judge is without discretion to decline to enforce the provision. Rose v. Rose, 615 So.2d 203 (Fla. 4th DCA 1993). The test for determining the prevailing party is to determine which party prevailed on significant issues tried before the court. Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992). See also Prosperi v. Code, Inc., 626 So.2d 1360 (Fla.1993). We recognize that deference is owed a trial court's discretion in determining who is the prevailing party. However, in a breach of contract action, one party must prevail, absent compelling circumstances. See Lucite Ctr., Inc. v. Mercede, 606 So.2d 492 (Fla. 4th DCA 1992); KCIN, Inc. v. Canpro Invs., Ltd., 675 So.2d 222 (Fla. 2d DCA 1996).
On remand, the trial court shall reconsider its findings, basing its award on who prevailed on the significant issues in the suit.
As to all other issues raised, we affirm on the authority of Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
DELL, STONE and SHAHOOD, JJ., concur.