PER CURIAM.
Porlick, Poliquin, Samara, Inc. and Robert A. Porlick, P.E., individually (Porlick), appeal from the trial court’s denial of attorney’s fees. Compton & Associates, P.A. (Compton), cross appeals from the court’s denial of attorney’s fees and from the court’s failure to reduce Porlick’s award.
Compton hired Porlick, an engineering firm, as an expert witness on its client’s behalf in a then-pending lawsuit. Compton instructed Porlick regarding the scope of the work, and terms of engagement were agreed to over the phone. The parties signed a written contract which established a $150 hourly fee for investigative work and a $250 hourly fee for trial or deposition testimony. Compton paid Por-lick a $1200 retainer/deposit. Porlick performed his investigation and presented his findings at his deposition.
Porlick sent Compton a bill totaling $23,293.46. Compton asked for substantiation and Porlick provided handwritten time sheets which listed 157 hours of time devoted to this matter. Compton objected to the charges and offered to pay Porlick a total of $21,200 if Porlick would testify at trial. Porlick refused this offer. After four months, Compton had not yet tendered payment. Porlick filed suit shortly thereafter.
Compton hired a new expert, Charles Game, who did the same work Porlick had done in less than half the time billed by Porlick. Both Porlick and Compton waived a jury trial. At the non-jury trial, Compton presented expert testimony from Charles Game, whose fee totaled $10,815. Porlick’s own expert testified that it would have been appropriate for Porlick to notify Compton when he reached his conclusion at 74 hours, rather than continuing to work at that point. Porlick asserted that he was entitled to be paid for any number of hours he billed, as long as he spent the time. Compton asserted that the contract contained no fixed fee and that Porlick was entitled to spend only a reasonable amount of time on the task assigned. Compton also sought a reduction in any fee paid because its client had been required to hire another expert.
As concerns the dispositive issue in this case, after a non-jury trial, the trial court found that the hours billed by Porlick were excessive, reduced Porlick’s fee by 25% and awarded a fee of $17,250, with prejudgment interest at a legal rate, plus an additional $1,000 for deposition time.
*609 Based on the written contract, both parties sought attorney’s fees as the prevailing party. The court denied the award of any attorney’s fees to either side, and subsequently denied a Motion for Rehearing. Porlick appeals and Compton cross-appeals the denial of attorney’s fees.[1]
We begin by noting that at no time did the trial court enter a ruling determining who it considered to be the prevailing party as required by Green Cos., Inc. v. Kendall Racquetball Inn, Ltd., 658 So.2d 1119 (Fla. 3d DCA 1995). Nevertheless, the record is clear on this issue and we conclude that Compton was the prevailing party. Porlick’s position throughout the litigation below was that it was entitled to the entire amount claimed. Compton argued that Porlick was not entitled to that amount but, rather, to a reasonable amount. After hearing the merits of the dispute, the trial judge concluded that the bill was excessive and reduced Porlick’s fee by 25%. Given the posture of the case, Compton prevailed on the significant issue in the litigation. See Moritz v. Hoyt Enters., Inc., 604 So.2d 807 (Fla.1992).
We affirm the denial of attorney’s fees to Porlick. We reverse the denial of attorney’s fees to Compton and remand for a determination and award of reasonable attorney’s fees.
Affirmed in part; reversed in part, and remanded with instructions.

. We find no merit in the other issues raised in Compton’s cross-appeal and affirm as to those issues.