820 So.2d 438 (2002)
Brent C. MILLER, Charles M. Rand, and Miller & Rand, P.A., Appellants,
v.
JACOBS & GOODMAN, P.A., Appellee.
No. 5D01-2303.
District Court of Appeal of Florida, Fifth District.
July 5, 2002.
*439 Dennis Fountain, Winter Springs, and John B. Liebman, Orlando, for Appellants.
Michael R. Levin and Christa C. Werder of Rumberger, Kirk & Caldwell, A Professional Association, Orlando, for Appellee.
PLEUS, J.
Brent Miller and Charles Rand appeal the trial court's order finding that their former employer, Jacobs & Goodman, P.A., ("J & G") is entitled to approximately 46% of the fees they obtained from cases that Miller and Rand took with them when they left their former employer in 1992. This present and third appeal taken in this matter is pursuant to the actions taken in our remand of this case to the trial court in Miller v. Jacobs & Goodman, P.A., 699 So.2d 729 (Fla. 5th DCA 1997) ("Miller II").
In Miller II, Judge Peterson set forth the factual background of this case and the underlying controversy. In short, Miller and Rand signed an employment agreement with J & G which prohibited departing attorneys from soliciting J & G clients and specified a procedure to follow in notifying clients of the departure. The contract further provided that in the event of a breach, J & G would be entitled to certain liquidated damages and "additional damages arising from such breach." The liquidated damages clause provided that J & G would receive 75% of the fees generated from clients who went with the departing attorney. Miller and Rand made the argument that this fee-splitting agreement violated public policy. This court rejected that argument, and furthermore agreed with the trial court's conclusion that Miller and Rand breached the conditions of non-solicitation. This court further found, however, the liquidation clause was invalid and unenforceable because "the stipulated formula was not an agreed-upon sole remedy and J & G was free to pursue additional damages." Miller II at 733. The trial court's order awarding damages and attorney's fees was vacated, but the cause was remanded for further proceedings with the specific instruction that on remand "[t]he trial court may reconsider the award of attorney's fees at the conclusion of the matter." Id. at 735.
On remand, the trial court found that in the 100 plus cases that Miller and Rand took with them, J & G was entitled to approximately 46% of the fees generated. In this appeal, Miller and Rand challenge both that award and the trial court's finding, for purposes of an award of attorney's fees, that J & G was the prevailing party.
The able trial judge assiduously, arduously and patiently reviewed the facts of each of the cases as presented by the parties. We find no error in the trial court's use of quantum meruit principles to assist in quantifying the damages properly assessed against Miller and Rand. See Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz, 652 So.2d 366 (Fla. 1995). Further, we find no abuse of discretion in the determination of the amounts so awarded.
The trial court, in its Order Determining Entitlement to Attorney's Fees, noted that the Florida Supreme Court case of Moritz v. Hoyt Enterprises, Inc., 604 *440 So.2d 807 (Fla.1992), controls this case and that, "Moritz requires the court to determine from the record which party prevailed on the significant issues at trial when exercising its discretion to grant attorneys' fees."
In Moritz, the court held the "party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney's fees." Moritz at 810. The court also quoted approvingly from the United States Supreme Court case of Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), in which the Court held the test is whether the party "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Moritz at 809-810, quoting Hensley at 433, 103 S.Ct. 1933.
In Hutchinson v. Hutchinson, 687 So.2d 912 (Fla. 4th DCA 1997), the fourth district reversed a trial court's finding in a dissolution case that neither party was entitled to an award of fees based on a prevailing party provision because both parties, the trial court concluded, had won on some issues. In reversing, the appellate court found that where a contract provides for attorney's fees to the prevailing party, "the trial judge is without discretion to decline to enforce the provision." Id. at 913. After stating that in such a situation a trial court must enforce the provision, the opinion then states, "in a breach of contract action, one party must prevail, absent compelling circumstances. See Lucite Center, Inc. v. Mercede, 606 So.2d 492 (Fla. 4th DCA 1992); KCIN, Inc. v. Canpro Investments, Ltd., 675 So.2d 222 (Fla. 2d DCA 1996)." (Emphasis added). Thus, the opinion, while stating the general rule that one party must prevail, also recognized that there can be "compelling circumstances" in which a trial court can determine that neither party prevailed.
In KCIN, the second district cited conflict with the fourth district's decision in Lucite. In Lucite, the fourth district made the blanket statement that in a breach of contract action, one party must prevail. In KCIN, the court reasoned that a rule requiring a prevailing party award in all cases could result in an unjust reward "to a party whose conduct caused the failure of the contract." Id. at 223. It then held that "an attorney's fee award is not required each time there is litigation involving a contract providing for prevailing attorney's fees." Id.
Recently, this district, in Lasco Enterprises, Inc. v. Kohlbrand, 819 So.2d 821 (Fla. 5th DCA 2002), stated that this court was aligning itself with the reasoning set forth in the KCIN case, but that this court also recognized, as the fourth district did in Hutchinson, that the principle set forth in KCIN was the exception, and not the general rule.
In the instant case, the trial court, in awarding fees to J & G, made the statement that Moritz compelled it to find a prevailing party. Moritz, however, does not specify that one party must be found to be the prevailing party in all contract cases. The second, fourth, and importantly, this district, have each found that in certain cases the trial court can conclude that neither party prevailed, and that accordingly, neither party is entitled to attorney's fees. But see, Green Companies, Inc. v. Kendall Racquetball Investment, Ltd., 658 So.2d 1119 (Fla. 3d DCA 1995) ("Unless in the same lawsuit there are separate and distinct claims which would support independent actions, there can be only one prevailing party. When alternative theories of liability are litigated, only one party can prevail.")
*441 In the instant case, J & G achieved "some" of the benefit it sought to obtain by bringing suit. It was unsuccessful, however, on a substantial portion of its claim due to the fact that the liquidation clause of its employment contract with Miller and Rand was declared invalid. The liquidation clause provided for 75% of the fees collected, plus any additional damages caused by the breach. J & G was ultimately awarded only approximately 46% of the fees and certainly a portion of these fees, irrespective of Miller and Rand's breach, likely could have been obtained under quantum meruit.
The trial court noted specifically that Miller and Rand made the point that J & G had originally brought a complaint with 11 purported causes of action and that only two had survived appellate review. The trial court's order further recognized Miller and Rand's point that they were awarded more money than J & G. Finally, the court observed that in Miller II, this court "acknowledged the contract breach as a significant issue," but it also found the liquidated damages portion of the employment agreement invalid. The trial court, nonetheless, concluded:
[W]hen [Miller and Rand] left the law firm, they intentionally breached the employment contract. [J & G] was then required to file suit. Like in Moritz, the question of which party breached the contract in this case is the most significant one and the one on which [J & G] prevailed at trial and on appeal.... Based upon Moritz, [J & G] is entitled to attorney's fees and costs.
The trial court, as noted, also indicated in its order that it was obligated under Moritz to determine which party "prevailed on the significant issues at trial when exercising its discretion to grant attorney's fees." In Lasco, we emphasized that "prevailing party attorney's fees are just and proper in the majority of contract litigation." We also recognized, however, that there are cases, such as KCIN, where the trial court is not required to make a prevailing party fees award. In light of the trial court's statement that under Moritz it was obligated to find a prevailing party, we reverse the award of attorney's fees. We remand this issue to the trial court for reconsideration consistent with this opinion. Nothing in this opinion should be construed as mandating or prohibiting an award of fees to J & G; we are simply allowing the trial court to conclude, or not conclude, that neither party prevailed in this matter.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
SAWAYA and ORFINGER, R.B., JJ., concur.