878 So.2d 386 (2004)
Yi Lin ZHANG, and Lan Hua Huang, Appellants,
v.
D.B.R. ASSET MANAGEMENT, INC., Appellee.
No. 3D02-2998.
District Court of Appeal of Florida, Third District.
May 26, 2004.
Rehearing Denied August 4, 2004.
Linfeng Zhou (Fort Lauderdale), for appellants.
Lance W. Shinder (Boca Raton), for appellee.
Before COPE, LEVY, and GERSTEN, JJ.
*387 PER CURIAM.
This case involves a commercial landlord-tenant action for possession and damages. Appellee, D.B.R. Asset Management, Inc. ("landlord"), brought suit for eviction and damages claiming the tenants, appellants Yi Lin Zhang and Lan Hua Huang ("tenants"), violated a restrictive "use clause" in their lease agreement by selling various kinds of Chinese food at their restaurant. The tenants answered and filed a counterclaim alleging the landlord owed them $30,367.36 in construction contributions under a separate provision of the lease, and also owed them an additional $24,540.80 in rent credits.
Both parties moved for summary judgment. At the hearing on the motions, the parties argued their respective positions regarding whether the tenants' menu offerings at the restaurant violated the restrictive clause. With regard to the counterclaim, the landlord argued the tenants were not entitled to a construction contribution based upon their breach of the restrictive use clause. However, the landlord agreed that if no violation were found, the proper amount due would be $25,459.20, but not the $50,000 construction allowance sought by the tenants. The landlord stated it did not wish to evict the tenant.
Thereafter, the trial court granted summary final judgment against the landlord finding the tenants' use did not violate the restrictive clause. The tenant was awarded $25,459.20 in construction contribution costs. With regard to attorneys' fees, the order specified that "[e]ach side shall bear their own fees and costs." The tenant then filed a motion for rehearing seeking prejudgment interest on the construction contribution claim, as well as legal fees and costs.
Rehearing was granted. However, the trial court denied the tenants' request for prejudgment interest, legal fees, and costs, specifically finding that "although the Court procedurally granted Summary Judgment against the Plaintiff, this disposition was based upon an agreement between the parties. This Court therefore finds that this case was resolved by way of a settlement. There is no prevailing party in a settled case." In a subsequent order on the tenants' motion for reconsideration, the trial court again determined "there is no `prevailing party' in this action."
The "prevailing party" for purposes of awarding attorney's fees is the party determined by the trial court to have prevailed on significant issues in the litigation. See Moritz v. Hoyt Enter., Inc., 604 So.2d 807 (Fla.1992); Green Cos. v. Kendall Racquetball Inv., Ltd., 658 So.2d 1119 (Fla. 3d DCA 1995). In making the determination as to which party has prevailed, a trial court is to focus on the "result obtained." See Smith v. Adler, 596 So.2d 696 (Fla. 4th DCA 1992). Simply because a party has obtained some economic benefit as a result of litigation, does not necessarily mean that party has succeeded on the major issue in the case. See Zaremba Florida Co. v. Klinger, 550 So.2d 1131 (Fla. 3d DCA 1989); Thaller v. Waterford Condo. Apartments, Inc., 437 So.2d 248 (Fla. 4th DCA 1983).
Moreover, "an attorney's fee award is not required each time there is litigation involving a contract providing for prevailing attorney's fees." KCIN, Inc. v. Canpro Inv., Ltd., 675 So.2d 222 (Fla. 2d DCA 1996). A trial court may properly determine that neither party has prevailed in a contract action under compelling circumstances. See Miller v. Jacobs & Goodman, P.A., 820 So.2d 438 (Fla. 5th DCA 2002).
Here, the trial court determined the parties had settled, and specifically found *388 there was no prevailing party for purposes of entitlement to fees. The record supports the trial court's findings that the parties did agree to a resolution of the disputed issues. Significantly, although the tenants' use was found not to violate the restrictive clause in the lease, the landlord did prevail in defense of the counterclaim that sought an excessive amount for the construction contribution.
Under these circumstances, clearly there was no abuse of discretion in the trial court's well reasoned decision. See Folta v. Bolton, 493 So.2d 440 (Fla.1986); Miller v. Jacobs & Goodman, P.A., 820 So.2d at 438. Accordingly, we affirm the orders below in all respects.
Affirmed.