905 So.2d 916 (2005)
BOXER MAX CORPORATION, Appellant,
v.
CANE A. SUCRE, INC., a Florida corporation, Sinuhe Vega, an individual, Michael Vega, an individual, and Sofie Vega, an individual, Appellees.
No. 3D04-884.
District Court of Appeal of Florida, Third District.
May 11, 2005.
Rehearing Denied July 27, 2005.
Patrick J. Goggins, for appellant.
Dell and Schaefer and Danielle L. Rosen (Hollywood), for appellees.
Before GREEN, FLETCHER, and SUAREZ, JJ.
*917 SUAREZ, J.
Plaintiff/Appellant, Boxer Max Corporation ("Boxer Max"), appeals the trial court's order denying attorney's fees for its breach of contract action. Boxer Max claims on appeal it was the prevailing party and, as such, is entitled to fees. We find the Court did not abuse its discretion in not awarding attorney's fees and affirm the Court's order.
Boxer Max is the owner of a building which is divided into two commercial storefronts, 3533 and 3535 N.E. 2nd Avenue. There is a covered paved driveway known as the "patio" and parking spaces on the north side of the building.
Boxer Max and Defendants/Appellees, Cane A. Sucre, Inc., et al. ("Sucre"), entered into a written lease agreement for lease of the 3535 storefront on July 28, 2001. Boxer Max agreed, verbally, that Sucre could place a couple of tables and chairs on the patio for its bakery customers as long as the tenant who had rented the 3533 location did not object. The lease contains the following provision:
In the event of default in the performance of any of the terms, covenants, agreements or conditions contained in this LEASE and, if suit be brought, then the prevailing party shall be entitled *918 to its reasonable attorney's fees and costs through all appellate levels.
The original 3533 tenant moved out and Boxer Max attempted to rent the unit, but found it difficult due to the number of tables and chairs Sucre had placed on the patio and which blocked the entrance to the 3533 storefront. The parties attempted to negotiate a compromise but could not resolve the situation.
Boxer Max filed suit to evict and claimed damages for breach of the lease. There was a non-jury trial on January 27, 2004, and the Court ordered that the Defendants were to keep their tables and chairs on the north half of the patio area and not block ingress and egress to the 3533 storefront. The court awarded the Plaintiff damages in the amount of $1,800.00 representing not the remainder of the rent due on the lease, but representing the amount of rent that could have been charged Sucre for the additional area of the patio in front of 3533 storefront taken up by the tables and chairs.
The "prevailing party", for purposes of attorney's fees, is a party which the trial court determines prevailed on significant issues in the litigation. See Moritz v. Hoyt Enters., Inc., 604 So.2d 807 (Fla.1992); Green Cos. v. Kendall Racquetball Inv., Ltd., 658 So.2d 1119 (Fla. 3d DCA 1995). Just because a party receives a monetary award does not necessarily mean the party is a prevailing party in the litigation. See Zhang v. D.B.R. Asset Management, Inc., 878 So.2d 386 (Fla. 3d DCA 2004). A trial court may determine that neither party has prevailed in a contract action and not award attorney's fees under compelling circumstances. See Miller v. Jacobs & Goodman, P.A., 820 So.2d 438 (Fla. 5th DCA 2002). There is no prevailing party when a settlement occurs. Zhang, 878 So.2d at 386. A review of the transcript shows that the parties actually entered into a settlement agreement at trial with the help of the learned trial Judge. Therefore, the trial court did not abuse its discretion in not finding a prevailing party in this action and in not awarding attorney's fees.
For the above reasons, we affirm the trial court's order.