On Rehearing Denied

COPE, J.
Both parties have moved for rehearing of our unpublished order which denied each party’s motion for appellate attorney’s fees.
In the parties’ marital settlement agreement, there is a prevailing party attorney fee provision which states:
In the event either party incurs attorneys fees or costs in an effort to enforce this Agreement, then the prevailing party in any litigation to enforce the Agreement shall be entitled to an award of reasonable attorneys fees and costs.
Each party claims to be the prevailing party under this contractual provision, and asks that we grant attorney’s fees.
This court has said:
The “prevailing party” for purposes of awarding attorney’s fees is the party determined by the trial court to have prevailed on significant issues in the litigation. See Moritz v. Hoyt Enter., Inc., 604 So.2d 807 (Fla.1992); Green Cos. v. Kendall Racquetball Inv., Ltd., 658 So.2d 1119 (Fla. 3d DCA 1995)....
Moreover, “an attorney’s fee award is not required each time there is litigation involving a contract providing for prevailing attorney’s fees.” KCIN, Inc. v. Canpro Inv., Ltd., 675 So.2d 222 (Fla. 2d DCA 1996). A trial court may properly determine that neither party has prevailed in a contract action under compelling circumstances. See Miller v. Jacobs & Goodman, P.A., 820 So.2d 438 (Fla. 5th DCA 2002).
Zhang v. D.B.R. Asset Management, Inc., 878 So.2d 386, 387 (Fla. 3d DCA 2004); see also Hutchinson v. Hutchinson, 687 So.2d 912, 913 (Fla. 4th DCA 1997).
As matters stood after the trial court entered its judgment, the father owed an arrearage of $16,500 plus interest. The father appealed, arguing that he owed nothing. The mother argued that the trial court’s judgment was entirely correct.
*484 The appellate litigation ended in a tie. This court ruled in the mother’s favor on the issue of entitlement to a child support arrearage, but found that the trial court’s calculation was in error. The correct calculation was $6,600 plus interest.
The father’s main claim on appeal was that the mother’was not entitled to recover anything. He lost on that issue but prevailed on a claim for recalculation. Each party prevailed in part and lost in part on the significant issues in the case. Under the Zhang analysis, we conclude that there was no prevailing party and deny appellate attorney’s fees to both sides under the circumstances present here.
Rehearing denied.