ROTHENBERG, J.
 

 Jacob Bessard (“Mr. Bessard”) came to Florida from Haiti to receive medical treatment, where he was diagnosed with leukemia, tuberculosis, and other medical infirmities. While in the United States, Mr. Bessard resided with his wife, Marthe Renee Bessard (“Mrs. Bessard”), and his daughters, Marguerite Bessard and Marie F. Bessard. After a series of hospitalizations, Mr. Bessard’s health deteriorated.
 

 On April 4, 2007, Mr. Bessard’s son, Joseph Bessard (“Joseph”), who was accompanied by Wilner Colvert, Mrs. Bes-sard’s nephew, took Mr. Bessard to see his doctor, Dr. Jacques Victor. Joseph claims that while his father was with him that day, Mr. Bessard signed a power of attorney, granting Joseph authority over his property, interests and accounts, and enabling Joseph to make all medical decisions on behalf of Mr. Bessard and to execute all acts on Mr. Bessard’s behalf to provide care for Mrs. Bessard and Mr. and Mrs. Bessard’s disabled son in Haiti.
 

 On June 4, 2007, Mrs. Bessard and her daughters (“the appellees”) filed a complaint alleging that Mr. Bessard did not sign the document in question, and that at the time Mr. Bessard purportedly signed the power of attorney, he suffered from dementia, did not understand “everyday matters,” and did not understand English. In support of the complaint, the appellees filed the affidavit of Dr. Victor, Mr. Bes-sard’s treating physician. Dr. Victor averred that on April 4, 2007, the day Mr. Bessard allegedly signed the power of attorney, Joseph brought his father to Dr. Victor’s office for his scheduled appointment. After examining Mr. Bessard, Dr. Victor concluded that he was in “a very critical condition ... very emaciated, incoherent, and unable to respond to verbal stimuli ... [and he] lacked the mental capacity to execute a legal document.”
 

 Count I of the complaint sought a declaratory judgment declaring the power of attorney void and prohibiting Joseph from using the document or holding himself out as Mr. Bessard’s designated “Agent.” Count II sought a temporary injunction to prohibit Joseph from exercising his powers under the power of attorney until its validity was determined. Count III
 
 [1]
 
 alleged fraud — that Mr. Bessard never signed the document and Joseph was attempting to commit a fraud by transferring legal authority over Mr. Bessard’s assets and affairs to himself.
 

 On June 5, 2007, the trial court granted the temporary injunctive relief the ap-pellees requested in Count II of the complaint, suspending the powers granted Joseph under the purported power of attorney, and set the matter for an eviden-tiary hearing. Before the hearing could be held, Mr. Bessard died. Thereafter, Joseph moved to dismiss the complaint as moot, contending that the sole purpose of the power of attorney was to allow Joseph to attend to and make decisions regarding his father’s medical needs. Joseph contended that upon Mr. Bessard’s death, the power of attorney served no
 
 *777
 
 further purpose. At the hearing on Joseph’s motion to dismiss the complaint on the basis of mootness, Joseph filed a “renunciation” of his powers under the power of attorney.
 

 The trial court granted Joseph’s motion to dismiss and granted the appel-lees’ motion for attorney’s fees and costs as the prevailing parties. Joseph appeals the trial court’s order granting the appel-lees’ motion for attorney’s fees and costs. The appellees cross-appeal the trial court’s order dismissing the lawsuit as moot. We affirm both orders under review. The trial court’s order granting the appellees’ request for a temporary injunction and suspending Joseph’s powers under the power of attorney, Mr. Bessard’s death, and Joseph’s subsequent renunciation of any powers allegedly granted him under the power of attorney rendered the lawsuit moot. Because the effect of these actions afforded the appellees the remedy they sought in their complaint, the trial court correctly determined their entitlement to attorney’s fees and costs as the prevailing parties. As Joseph does not dispute the reasonableness of the amounts awarded, and the record supports the trial court’s order, we affirm on both entitlement and the amounts awarded.
 

 In suppoi’t of the rulings addressed herein, we note the following. In their complaint, the appellees sought to: (1) enjoin Joseph from exercising any powers granted him under the power of attorney; (2) have the power of attorney declared null and void; and (3) prohibit Joseph from holding himself out as Mr. Bessard’s designated agent. The temporary injunction issued by the trial court, Mr. Bes-sard’s death, and Joseph’s renunciation granted the appellees the relief they sought.
 

 The notarized written Renunciation of Rights under Durable Power of Attorney, which was signed by Joseph, was filed with the trial court. The Renunciation states as follows:
 

 I hereby consent and agree as follows:
 

 1. The General Durable Power of Attorney, dated April 4, 2007 and granting powers of agent to me from the principal, my father Jacob Bes-sard, is null and void.
 

 2. That said General Durable Power of Attorney shall not be held out or used by me in any manner nor for any purpose whatsoever.
 

 3. I have destroyed the original of said document, and turned over all copies thereof for destruction.
 

 We therefore affirm the trial court’s order dismissing the appellees’ complaint as moot.
 

 As to the attorney’s fees and costs awarded to the appellees as the prevailing parties, we also affirm. Section 709.08(11), Florida Statutes (2007), provides that the prevailing party in power of attorney litigation is entitled to attorney’s fees and costs. The determination of the prevailing party for the purpose of awarding attorney’s fees and costs is based on whether the party seeking fees succeeded on any significant issue(s) in the litigation.
 
 See Moritz v. Hoyt Enters., Inc.,
 
 604 So.2d 807, 810 (Fla.1992) (holding “that the party prevailing on the significant issues in the litigation is the party that should be considered the prevailing party for attorney’s fees”);
 
 Boxer Max Corp. v. Cane A. Sucre, Inc.,
 
 905 So.2d 916, 918 (Fla. 3d DCA 2005) (“The ‘prevailing party,’ for purposes of attorney’s fees, is a party which the trial court determines prevailed on significant issues in the litigation.”).
 

 Joseph contends that because the trial court never determined whether the signature on the power of attorney was executed by Mr. Bessard, and if executed
 
 *778
 
 whether it was done so knowingly and voluntarily, the trial court erred in granting the appellees attorney’s fees and costs as the prevailing parties. We disagree. The appellees sought to have the power of attorney declared void, contending that the document was a fraud. When Joseph ren-unciated the powers granted to him under the power of attorney, agreed that the document be declared null and void, and destroyed the original and all copies, his actions necessarily mooted the complaint and was the functional equivalent of a judgment or verdict in favor of the appel-lees.
 
 See Augustin v. Health Options of S. Fla., Inc.,
 
 580 So.2d 314, 315 (Fla. 3d DCA 1991) (finding that when the defendant changed its position in the matter and made full payment as prayed for in the plaintiffs complaint, it necessarily mooted the complaint and was the functional equivalent of a judgment or verdict in favor of the plaintiff entitling the plaintiff to an award of attorney’s fees as the prevailing party);
 
 see also Smith v. Adler,
 
 596 So.2d 696, 697 (Fla. 4th DCA 1992) (holding that “it is [the] results, not [the] procedure, which govern the determination” of which party prevailed for purposes of awarding attorney’s fees).
 

 Accordingly, we affirm the orders on appeal.
 

 [1]
 

 . The complaint incorrectly numbered this claim as "Count II.”