ROTHENBERG, J.
Appellant Scott Schoenlank appeals the portion of the final judgment which denies his motion for attorney’s fees under the prevailing party provision of his marital settlement agreement. Because both parties prevailed on significant issues, and neither party was the prevailing party, the trial court did not abuse its discretion in refusing to award attorney’s fees to either party. We therefore affirm.
BACKGROUND
Scott Schoenlank (“Scott”) and Sylma Schoenlank (“Sylma”) entered into a Mediated Marital Settlement Agreement (“Settlement Agreement”) on September 17, 2007, which was incorporated into the trial court’s final judgment of dissolution of marriage. The Settlement Agreement provided that Scott would pay Sylma dura-tional alimony in the amount of $4000 per month and would provide child support for the couple’s children in the amount of $1200 per month, for a total monthly support obligation of $5200. Scott was also required to pay Sylma a total of $60,000 as part of the equitable distribution of assets, which would be payable at $10,000 per year starting in 2008, and due on December 31 of each year. The Settlement Agreement further provided that, in the *120 event of any legal dispute or enforcement action by either party, the prevailing or non-defaulting party would be entitled to payment of attorney’s fees by the losing or defaulting party. Specifically, the Settlement Agreement provided:
XXIII. ATTORNEYS’FEES:
Should there be any enforcement action or any legal proceedings regarding any of the terms or conditions of this Agreement, the prevailing party shall recover all reasonable fees and costs from the non-prevailing party at both the trial and appellate court levels.
XXVII. DEFAULT CLAUSE:
In the event that either party in this Agreement defaults in his or her obligations hereunder, the party in default shall be liable to the non-defaulting party for all reasonable expenses incurred, including attorney’s fees, for enforcement or interpretation of the obligations created by this Agreement.
On August 21, 2009, while he was still current on his support payments, Scott filed a petition for downward modification of his alimony and child support payments due to a substantial and material change in circumstances. Specifically, Scott claimed that he had suffered a substantial reduction in income (approximately 50%) due to a downturn in the market, and he was unable to maintain the $5200 per month support payment amount.
Scott made all support payments required under the Settlement Agreement through December 2009. However, in 2010, during the pendency of the underlying support modification petition, Scott unilaterally reduced his support payments to $3000 per month, and further reduced his payments to $2500 per month in August of 2011. Scott also failed to pay any of the amounts he owed pursuant to the equitable distribution award.
Although the parties initially attempted to resolve their dispute through mediation, they were unsuccessful. Sylma answered Scott’s petition, opposing the downward modification, and then moved to compel Scott’s delinquent equitable distribution payments. Scott responded by acknowledging that he owed the equitable distribution payments, but requested set-offs against the equitable distribution award based on various payments he had already made on behalf of Sylma and the children, as well as for any overpayment of his support obligations should the trial court grant his petition for a downward modification of his support obligations.
The trial court granted Scott’s downward modification and retroactively reduced Scott’s payments from $5200 per month, as set forth in the Settlement Agreement, to $2829 per month in 2010, and $2187 per month starting in 2011, and continuing prospectively. However, the trial court denied Scott’s modification for the balance of 2009. These amounts were calculated using an expert accountant, who submitted two potential alternative monthly support obligations, based on the parties’ respective needs and their ability to pay. The trial court adopted the expert’s proposal that favored Sylma, and awarded Scott a set-off of $7,261.70 on the amount owed for equitable distribution, such that Sylma could recover $22,496 on that claim.[1]
Scott argues that because he received a substantial downward modification and was awarded a setoff against his equitable distribution delinquency, he was the pre *121 vailing party, and was thus entitled to attorney’s fees under the Settlement Agreement. Conversely, Sylma argues that an award of attorney’s fees would be improper because Scott was not the prevailing party below. She believes that neither party should recover attorney’s fees under the Settlement Agreement. After conducting a hearing on the issue, the trial court concluded that because each party had prevailed on significant issues in the litigation, neither party was entitled to attorney’s fees as the prevailing party. This appeal followed.
DISCUSSION
“The determination of an award of attorney’s fees is within the sound discretion of the trial court and will not be disturbed on appeal, absent a showing of a clear abuse of that discretion.” River Bridge Corp. v. Am. Somax Ventures, 76 So.3d 986, 989 (Fla. 4th DCA 2011) (citing Centex-Rooney Constr. Co. v. Martin Cnty., 725 So.2d 1255, 1258 (Fla. 4th DCA 1999)). The party prevailing on the “significant issues” in the litigation is the party that should be considered the prevailing party for attorney’s fees. Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992). A party receiving a net positive judgment is not necessarily the prevailing party, although that is a factor in determining which party prevailed on the significant issues. Shands Teaching Hosp. & Clinics, Inc. v. Mercury Ins. Co. of Fla., 97 So.3d 204, 213 (Fla.2012). Importantly, “an attorney’s fee award is not required each time there is litigation involving a contract providing for prevailing attorney’s fees.” Loy v. Loy, 904 So.2d 482, 483 (Fla. 3d DCA 2005) (quoting KCIN, Inc. v. Canpro Inv., Ltd., 675 So.2d 222, 223 (Fla. 2d DCA 1996)). Indeed, when the litigation “end[s] in a tie,” with each party “prevailing] in part and los[ing] in part on the significant issues,” the trial court is well within its discretion to deny attorney’s fees to both parties. Loy, 904 So.2d at 484.
The trial court’s well-reasoned rulings below present us with just such a “tie” between the parties. There were two major issues in this litigation: (1) the downward modification of Scott’s support obligations; and (2) the calculation and collection of the equitable distribution award minus any setoffs. Neither party completely prevailed on either issue. Although Scott ostensibly “won” by receiving a substantial retroactive downward modification of his support obligation, the trial court declined to apply that modification for the 2009 calendar year. Instead, the trial court actually set Scott’s monthly support obligation amount to a value that was more favorable to Sylma according to the expert accountant’s recommendations, so Scott did not obtain a complete victory as to his petition to modify his support obligation. And, although Sylma ostensibly “won” by receiving a $22,000 judgment as to the equitable distribution delinquency, Scott was able to offset this amount by applying the credit from his now-overpaid support payments and other expenditures. Accordingly, Sylma’s victory was similarly limited.
“[W]here each claim is separate and distinct and would support an independent action, ... the prevailing party on each distinct claim is entitled to an award of attorney’s fees for those fees generated in connection with that claim.” River Bridge Corp., 76 So.3d at 989 (citing Folta v. Bolton, 493 So.2d 440, 442 (Fla.1986)). However, where the claims litigated are “inextricably intertwined” or involve a “common core of facts,” an award of attorney’s fees may be appropriate as to the entire litigation. See Chodorow v. Moore, 947 So.2d 577, 579-80 (Fla. 4th DCA 2007) (finding that an attorney’s fees award for *122 the whole litigation may be appropriate when a statute mandates payment of attorney's fees to the prevailing party on one claim when other claims in the suit are closely factually related). “[T]he determination of whether multiple claims within a lawsuit are separate and distinct is a matter of law to be reviewed de novo.” Anglia Jacs & Co. v. Dubin, 830 So.2d 169,171 (Fla. 4th DCA 2002).
We need not determine whether these were two distinct and separable issues, or whether the issues are so inextricably intertwined as to be seen as one, because neither party clearly prevailed on either issue regardless of whether we view the litigation piecemeal or in total. Each party prevailed, and lost, on significant issues as to the support modification and the equitable distribution payments respectively, and each party prevailed and lost on significant issues as to the litigation in its entirety. Accordingly, the trial court did not abuse its discretion by finding that both parties prevailed and that neither was entitled to an award of attorney’s fees.
Affirmed.

. The trial court initially found that Scott owed $29,758.42 in delinquent equitable distribution payments for the first four years following the Settlement Agreement after providing Scott certain credits for expenditures.