# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0742
Lower Tribunal No. 18-22242-CA-01
_____

## Aquastar Holdings LLC,
Appellant,

vs.

## Avant Design Group, Inc., et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Charles Kenneth Johnson, Judge.

The Law Offices of Kristin Vivo, PLLC, and Kristin Vivo and Alicia Gale Windsor (Palm Beach), for appellant.

Peckar & Abramson, P.C., and Adam P. Handfinger, Freddy X. Munoz, Anne-Solenne Rolland, and Alexandra McKissick, for appellees.

Before EMAS, MILLER and GORDO, JJ.

EMAS, J.

This appeal arises from a final judgment awarding attorney's fees and costs to Appellees, Cristina Souza, Monica Souza, and Sonia Sun Yee Mak (the "Individual Defendants"), principals for Avant Design Group, Inc. ("Avant") in the amount of $429.082.74. While Aquastar Holdings, LLC ("Aquastar") challenges the award on numerous grounds, the primary issue is whether the trial court erred in finding that the fees incurred on Avant's unsuccessful claims and those incurred on the Individual Defendants' successful claims were "so intertwined that allocation [was] not feasible." We affirm the trial court's order.

Aquastar hired Avant to provide remodeling services for Aquastar's condominium project. As the project neared completion, Aquastar suspected Avant was overcharging for its services, and terminated the contract. In return, Avant sued Aquastar for nonpayment. Aquastar filed its own lawsuit against Avant and the Individual Defendants, alleging claims for (among other things) fraud and breach of contract. The lawsuits were eventually consolidated in the trial court, and Aquastar's complaint against Avant and the Individual Defendants was treated as a counterclaim.

Although Aquastar prevailed against Avant (obtaining a final judgment in its favor on Avant's claim as well as Aquastar's counterclaim against Avant), Aquastar lost on its counterclaim against the Individual Defendants.

Avant and Aquastar each appealed aspects of the final judgment, and those aspects of the final judgment pertinent to this discussion were affirmed by this court. See Avant Design Grp., Inc. v. Aquastar Holdings, LLC (Avant Design Grp. I), 351 So. 3d 62 (Fla. 3d DCA 2022). On remand, the trial court held a two-day evidentiary hearing to determine the amount of attorney fees and costs to be awarded One issue heavily litigated was whether the attorney's fees incurred for work on behalf of the Individual Defendants, a successful party, were inextricably intertwined with fees incurred for work on behalf of Avant, a losing party. At the conclusion of the hearing, the trial court entered separate orders awarding attorney's fees and costs to Aquastar ($465,106.45) and to the Individual Defendants ($429,082.74). The latter underlying order was based upon a determination that the attorney's work in representing Avant (unsuccessfully prosecuting its claims against Aquastar and unsuccessfully defending against Aquastar's counterclaim) was so inextricably intertwined with the same attorney's work in representing the Individual Defendants (who prevailed in defending against the counterclaim by Aquastar) that allocation between the two was not feasible.[1]

---

[1] Avant and the Individual Defendants were represented by the same counsel in the trial court.

As a general proposition, a party can only recover fees and costs that are "directly and exclusively related to each claim . . . on which recovery is allowed . . . ." Deer Valley Realty, Inc. v. SB Hotel Assocs. LLC, 190 So. 3d 203, 207 (Fla. 4th DCA 2016). However, "where the claims litigated are 'inextricably intertwined' or involve a 'common core of facts,' an award of attorney's fees may be appropriate as to the entire litigation." Schoenlank v. Schoenlank, 128 So. 3d 118, 121 (Fla. 3d DCA 2013); Household Fin. Corp. III v. Williams, 290 So. 3d 508, 511 (Fla. 4th DCA 2020) ("When a party prevails on only a portion of the claims made in the litigation, the trial court must evaluate the relationship between the successful and unsuccessful claims and determine whether the investigation and prosecution of the successful claims can be separate from the unsuccessful claims.") (quoting Anglia Jacs & Co. v. Dubin, 830 So. 2d 169, 172 (Fla. 4th DCA 2002)). "Claims are inextricably intertwined when a determination of the issues in one action would necessarily be dispositive of the issues raised in the other." Id. (quotation omitted). It is the moving party's burden to demonstrate that claims are "inextricably intertwined such that an allocation of claimed

attorneys' fees and costs [is] infeasible." <u>Signal Hill Golf Course, Inc. v. Womack</u>, 309 So. 3d 707, 709 (Fla. 1st DCA 2020).[2]

As we noted in <u>Avant Design Grp. I</u>, the principal issue at trial was whether the parties' contract was (as Aquastar contended) a cost-plus contract or (as Avant contended) a fixed-price contract, and this issue was "intertwined" with factual questions pertaining to "Avant's billing practices and accounting irregularities." <u>See</u> <u>Avant Design Grp. I</u>, 351 So. 3d at 67. Review of the complaint and record likewise confirms that the parties' claims involve a common core of facts—Avant and the Individual Defendants' charging practices and whether they overcharged Aquastar for their services. Upon our review,[3] we affirm, as there was competent substantial

---

[2] To the extent Aquastar contends the trial court failed to make certain required findings in the final judgment, such an argument is waived where not raised in a timely motion for rehearing. Fla. R. Civ. P. 1.530(a)("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule."); <u>Carbonell v. Glade</u>, 394 So. 3d 679, 681, 682 n.4 (Fla. 3d DCA 2024) (rejecting defendants' argument that striking their pleadings was improper without the court making an express finding of willfulness; holding that "defendants failed to preserve the issue by raising it in their motion for rehearing" as required by 1.530(a)).

[3] "This Court reviews an award of attorney's fees for abuse of discretion. A trial court's determination of whether claims are inextricably intertwined is a question of law reviewed de novo." <u>Shelly L. Hall, M.D., P.A. v. White</u>, 97 So. 3d 907, 909 (Fla. 1st DCA 2012) (internal citations omitted); <u>see also</u> <u>Halegua v. Lerner</u>, 406 So. 3d 987, 987-88 (Fla. 3d DCA 2025).

evidence to support the trial court's determination that the attorney's work was so inextricably intertwined that allocation between the two was not feasible.

Affirmed.